JOHN N. DAVIS v. DRURY MORGAN.

An endorsement in blank by the payee of a note, is presumed to have been intended as a transfer thereof; but this presumption may be rebutted, *ex. gr.*, by parol proof that it was intended to show a receipt of the money, from an agent of the maker.

(*Runyon* v. *Clark*, 4 Jon. 52, approved.)

CIVIL ACTION, tried before *Buxton, J.*, at Spring Term 1870, of UNION Court.

The plaintiff brought the action upon an endorsement on a note, made by the defendant in blank, and filled up as payable to the plaintiff, previously to the trial. The defendant introduced parol evidence, going to show that when the plaintiff paid to the defendant the money due upon the note, he did so in behalf of its *maker*, to take it up for him, and not as a purchaser, and that the endorsement was understood by the parties not to bind the defendant for its payment.

His Honor left it to the jury to find what the understanding of the parties was, when the endorsement was made,. telling them, if the latter was meant only as a receipt, to find for the defendant.

Verdict for the defendant; Rule, &c.; Judgment, and Appeal.

*Dowd*, for the appellant.
*Battle & Sons, contra.*

READE, J. It was submitted to the jury, as a question. of fact, whether the plaintiff paid off the note as the agent of the maker, and for him, or whether he purchased it for himself, and took the endorsement of the defendant as a transfer for value; and the jury found for the defendant. The question for our consideration is, whether that was a question for the jury, or, whether the legal effect of the endorsement was not to transfer the note, with the defendant's liability, to the plaintiff.

Unexplained, the legal effect of the endorsement was to transfer the note, with the defendant's liability, to the plaintiff, but the endorsement was subject to explanation, and parol evidence was competent to *explain* it. If the note had been paid off by the maker, the endorsement would have amounted only to a receipt for the money, and the note

would have been without vitality for any purpose.   It is the same if paid off by the agent of the maker, and parol evidence was competent to prove the agency : *Runyon* v. *Clark*, 4 Jon. 52.

There is no error.

PER CURIAM.                          Judgment affirmed.