E. E. MENDENHALL *v.* J. A. DAVIS.

Where A endorsed a note to B, with the understanding that such en-
dorsement should have no other effect than to assign the property in
the note to the plaintiff, and to guaranty him against its confiscation
by the United States: *Held*, that parol evidence was admissible to
prove such understanding and contract.

(*Love* v. *Wall*, 1 Hawks, 313; *Gomez* v. *Lázarus*, 1 Dev. Eq. 205;
*Davis* v. *Morgan*, 64 N. C. Rep., cited and approved.)

CIVIL ACTION, on the endorsement of a bond, tried before

*Tourgee, J.,* at Spring Term, 1874, of the Superior Court of GUILFORD county.

The following are the facts pertinent to the points decided in this Court:

In December, 1863, the plaintiff loaned the defendant $2,000 in bank bills, and took his bond with security for its payment. Payments had been made on this bond, reducing it to about $1,600 on the 24th March, 1865. At that time, the defendant, who held a certain bond on one Thom and others, which he had obtained from the administrator, one Stafford, in the settlement of his wife's share of an estate, and was about the same amount of the bond he, the defendant, owed the plaintiff, offered to transfer this bond on Thom to the plaintiff in payment of his own, given as before stated, for borrowed money. After enquiry by the plaintiff, as to the solvency of the bond on Thom and the others, sureties, he agreed to take it, and the defendant transferred it to him, *endorsing it in blank.*

It was in proof that the plaintiff held the bond on Thom and the sureties, and never sued thereon until January, 1869; and at the time of the institution of the suit, application was made by the plaintiff, or at his instance, to Stafford, the payee of the bond on Thom and his sureties, without the privity or consent of the defendant, to endorse the same to the defendant, so as to complete the claim of plaintiff and for the purposes of this suit. Stafford, as requested, endorsed the bond without recourse on him, whereupon suit was brought against the obligors and this defendant to Spring Term, 1869. The plaintiff after entering a discontinuance, as to the defendant, prosecuted that case to judgment against the obligors in the bond, obtaining judgment at Fall Term, 1870, for $643.30, with interest. Upon this judgment execution issued, which was returned by the sheriff, " no goods or chattles, lands or tenements of the debtors or either of them, wherewith to satisfy this execution, to be found ; whereupon the plaintiff, on the 30th May, 1871, caused a written notice to be served on the defendant, of his failure to make the money out of Thom and

his sureties, and notifying him, the defendant, that he was looked to, to pay the same. Shortly after the service of this notice, this suit was instituted.

It appears that the bond is lost, and on the trial in the Court below, both parties were allowed to speak of the same, and the endorsement thereon without its being produced. The defendant insisted, that his endorsement, which is the gist of the action, was made merely to pass the title, and without any purpose to be liable for its ultimate payment; and that it was so understood and agreed at the time of the endorsement; and the defendant requested the Court, in framing the issues to be passed upon by the jury, to submit one, involving this particular matter. This was objected to; and his Honor, holding that it was inadmissible to explain by parol testimony the written endorsement, declined to submit such issue; defendant excepted. Afterwards, during the trial, the defendant offered himself, as a witness to prove, that the intent and understanding, when his endorsement was made, was, that he was not to be liable, except as against confiscation. To this the plaintiff again objected, which being sustained by the Court, the defendant excepted.

His Honor submitted certain issues to the jury, involving questions of fact, reserving the question of law as to whether the defendant was bound as endorser or guarantor; and if bound as guarantor, then whether he was, or was not discharged by the laches of the plaintiff. On the issues submitted, the jury found as follows :

1. That the value of the note surrendered to the defendant was $533.33, or 12 per cent. added $107.32.

2. That the principal obligors (in the Thom bond) became insolvent two years after the surrender.

3. That the plaintiff first demanded payment of the bond from Thom, one year after the surrender.

4. That the defendant did not request the plaintiff to press the original obligors.

Upon consideration, the Court was of opinion upon the ques-

tions reserved : first, that the defendant was not liable as endorser ; second, that he was liable as a guarantor ; third, that in law, the defendant is not discharged by the laches of the plaintiff.

The defendant being dissatisfied with the charge of his Honor, and his rulings in rejecting the evidence before stated, and the verdict of the jury, &c., appealed.

*Dillard & Gilmer*, for appellant.
*Scott & Caldwell*, contra.

RODMAN, J. The defendant offered to prove that at the time when he wrote his name on the back of the note of Thom and others and delivered the same to the plaintiff, it was understood and agreed between them, that such indorsement should have no other effect than to assign the property in the note to the plaintiff, and to guaranty him against its confiscation by the United States. His Honor, the Judge below, excluded the evidence, on the ground that parol evidence was inadmissible to alter or explain a written instrument.

The rule upon which his Honor acted is unquestionable ; but we think he was mistaken in its application, and that both on reason and authority the evidence was admissible. No action can be maintained upon a mere signature of a name without a reference to some written contract which it was intended to authenticate, except on the supposition that there is written out what the signature authorized to be written out as authenticated by it. What that is which is so authorized to be written out is sometimes matter of law and sometimes a question of fact as to what authority the signature was intended to convey When the payee or regular endorsee of a negotiable note writes his name on the back of it as between him and a sub. sequent *bona fide* holder for value, the law implies that he intended to assume the well known liablilities of an indorser, and he will not be permitted to contradict the implication ; so if the drawee in a bill of exchange writes his name across the face of it without more, the law authorizes such a holder to

write above the signature the contract which it implies under the circumstances, and such contract being in writing by authority of the signer, cannot be altered or explained by parol.

But this rule does not apply between the original parties to a contract which is not in writing, although there be the signature of one or more parties to authenticate that *some* contract was made. In such cases it must always be a question of fact what contract the signature authorizes to be written above it; in other words, what was the agreement of the parties at the time it was written.

There is no written contract to be altered; the whole (except the signature which by itself does not make a contract,) exists in parol, and must be established by such proof. It may be admitted, and the authorities seem that way, that when a person, other than the payee or endorsee of a note, writes his name across the back of it, after it has been delivered by the maker, and not as a part of the original transaction, and delivers it for value to another, the law presumes that he intended to become a guarantor of the note. But this presumption is not one of law, but of fact merely, and may be rebutted. In *Love* v. *Wall*, 1 Hawks, 313, a second indorser of a promissory note was allowed in defence of an action brought against him by the first indorser, to prove an agreement different from what the law presumes from the order of their names on the back of the instrument, and that in fact they were jointly liable as sureties for the maker. In *Gomez* v. *Lazarus*, 1 Dev. Eq., 205, it was taken as clear, that the acceptor of a bill of exchange, as between him and an endorser, might prove that they were joint sureties for the drawer. In *Davis* v. *Morgan*, 64 N. C. Rep., the payee of a note who had written his name in blank across the back, was permitted to prove that such signature was not intended as an indorsement, but as a receipt of payment from the maker. In *Sylvester* v. *Downer*, 20 Vt., 855, the Court held that by an indorsement in blank the defendant became presumptively bound as a joint promisor. But REDFIELD, J., adds: " But the signature being blank, he

may undoubtedly show that he was not understood to assume any such obligation." See to the same effect, *Clapp* v. *Rice*, 13 Gray, 403 ; see also *Perkins* v. *Catlin*, 11 Conn., 213, and numerous other cases cited in a note on page 121, of 2 Parsons on Notes and Bills.

PER CURIAM.                              *Venire de novo.*