### T. B. HILL v. W. H. SHIELDS.

*Liability of Endorser—Remote Endorsee—Evidence.*

1. In an action upon a note by a remote endorsee, who purchased *bona fide* for full value and without notice, against the payee who endorsed the note in blank, evidence of an agreement between the payee and his immediate endorsee that he should not be held liable on his endorsement is not admissible.

2. In such case, the plantiff held the note unaffected by any special agreement between the payee and his immediate endorsee.

(*Harris* v. *Burwell*, 65 N. C., 584; *Parker* v. *Stallings*, Phil., 590; *Davis* v. *Morgan*, 64 N. C., 570; *Mendenhall* v. *Davis*, 72 N. C., 150, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of HALIFAX Superior Court, before *Eure, J.*

The facts appear in the opinion. There was a verdict for plaintiff, judgment, appeal by defendant.

*Mr. R. B. Peebles,* for plaintiff:

Upon the effect of the endorsement, cited 1 Danl. Neg. Insts., § 669; *Ingalls* v. *Lee,* 9 Barb., 947. Parol testimony varying legal effect of blank endorsement not admissible. 1 Danl., § 717, *et seq;* 18 Gratt., 205; 6 Gratt., 642; *Brown* v. *Wiley,* 20 How. (U. S.), 442; 72 N. C., 150; Phil., 590; 5 Sergt. & Rawle, 363, and other cases to same effect.

*Messrs. W. H. Day* and *Batchelor & Son,* for defendant:

Remarked upon the cases referred to by the plaintiff's counsel, and cited among others *Wright* v. *Latham* 3 Murp., 298, in which it was held that if at the time of endorsement a special agreement was made that endorsee should sue maker and if he fail to make the money out of him, then endorser to be liable, parol evidence may be received to prove special agreement. Also *Davis* v. *Morgan,* 64 N. C., 570; *Runyon* v. *Clark,* 4 Jones, 52. The case of *Parker* v. *Stallings,* Phil., 590, in its leading feature is overruled by *Baucom* v. *Smith,* 66 N. C., 527, and is not sustained by the authorities cited. And also 13 East, 498; 12 E. C. L. Rep., 420, and the comments of PEARSON, C. J., in *Harris* v. *Burwell,* 65 N. C., 584, and C. C. P., § 55.

DILLARD, J. From the case of appeal sent up to this court the case is that defendant was payee in a promissory note executed to him by Edward Anderson, payable at twelve months for a large sum of money, and secured by a mortgage on property, and on the 23rd day of January, 1875, after its dishonor, he transferred the same by a blank endorsement thereon to the Mercantile bank of Norfolk,

which carried with it the mortgage as an incident, and the bank afterwards transferred the same to the present plaintiff by delivery for full value. After receiving several payments on the note and realizing all the proceeds of the property conveyed in the mortgage, there still remained a balance unpaid on the note and for that this action was brought.

On the trial in the court below the plaintiff tendered the issue, "was the plaintiff a *bona fide* purchaser of said note for full value and without notice?" Defendant admitted the affirmative of that issue and tendered on his own behalf the following issues:

1. Did defendant and the bank, when the former endorsed the note in blank agree that defendant was not to be held responsible on his endorsement?

2. Did any consideration pass from the bank to defendant for his endorsement?

The plaintiff objected to said issues upon the ground that an affirmative response thereto could in no way affect the liability of the defendant to the plaintiff, who was admitted to be a remote endorsee for full value and without notice, and His Honor, being of opinion with the plaintiff on the objection, refused to submit the said issues, and thereupon pronounced judgment, upon said admission of defendant and other facts not denied in the pleadings, for the plaintiff for the unpaid balance of his debt from which judgment the appeal is taken.

The question presented by the appeal for our determination is, does the plaintiff, a remote endorsee of defendant's note put into circulation past due, hold 'the same subject to the special agreement of defendant with the Mercantile bank, his immediate endorsee, not to hold him responsible on his endorsement, the plaintiff being a purchaser for full value, and without notice of the alleged special agreement.

We concur in the opinion of His Honor that the plaintiff held the legal title to the note, unaffected by the special

agreement between the defendant and the bank, supposing such agreement to have been made.

A promissory note by statute of 3 and 4 Anne in England and by statute in this state is made negotiable as inland bills of exchange, and the legal title may be passed by endorsement thereon in full or in blank, absolute or restricted, in honor or dishonor, with incidents however to the holder and to the parties to the note raised by the fact of its being made before or after its maturity. If acquired before due, by the law merchant, the holder takes the title clear of all objections; but if after, he is put on inquiry and is held to take subject to all equities and legal defences of the maker at the date of the transfer or before notice thereof against the payee under the English law, but against the payee and all intermediate holders under our code as decided in the case of *Harris* v. *Burwell*, 65 N. C., 584.

This liability of the holder of overdue paper to equities and legal exceptions extends only to those that the maker has, as explained above; but does not apply as between the holder and others taking before him by endorsement, except between the holder and his immediate endorser. There is no adverse presumption from the paper being in dishonor as between successive endorsers, as there is between the holder and the maker. Each endorser, including the payee, down the line, has and passes the legal title, and his endorsement in legal import is a contract with his endorsee and all subsequent holders by endorsement, that the maker will pay the note, or on notice he will. *Parker* v. *Stallings*, Phil., 590; *National Bank of Washington* v. *Texas*, 20 Wall., 89— SWAYNE's opinion.

Here the defendant put the paper over-due afloat with his name merely written on the back, and that in legal effect passed the title to the Mercantile bank and gave it the unqualified power of disposing of the same, and imported a promise to the bank, and not only to it, but to the plaintiff,

a subsequent endorsee, that the maker would pay the note, and if he did not that he the defendant would. 2 Parsons on Bills, 23. The endorsement being in blank and the contract implied by law with his endorsee and subsequent holders giving such unqualified power as we have seen, it has been much debated and variously decided as to the competency of the endorser by parol proof to rebut the implication of the law and to annex a qualification when none is expressed.

It is settled in this state, however, that parol testimony may be adduced under a blank endorsement to annex a qualification or special contract as between the immediate parties. *Davis* v. *Morgan,* 64 N. C., 570; *Mendenhall* v. *Davis,* 72 N. C., 150. But between the endorser in blank and remote parties without notice, the weight of authority is that parol proof is inadmissible and the contract implied by law stands absolute. 2 Parsons, 23; *Hill* v. *Ely,* 1 Sergt. and Rawle, 362; 1 Daniel on Neg. Insts., §§ 699 and 719.

In treating of this subject, Daniel, in his work on Negotiable Instruments, says a parol agreement in the endorsement of a note to the effect that the transfer should be without recourse on the endorser, can not be interposed as a defence against a subsequent *bona fide* holder without notice; nor would the case be varied by the fact that the transfer was to such a holder by delivery and that he declared on the prior endorsement as though made to him. 1 Daniel Neg. Insts., § 699.

It appears in the case that the plaintiff purchased the notes of the Mercantile bank, and it is admitted by defendant it was for full value and without notice of the special agreement between him and the bank as to his alleged non-responsibility; and the defendant having by this act put it into the power of his immediate endorsee to circulate the paper to the plaintiff upon the faith of an absolute responsibility on his part as imported by his endorsement, ought

not to be allowed, in our opinion, by parol to vary the legal effect of his endorsement as against this plaintiff. To this extent the principle decided in *Parker* v. *Stallings, supra,* goes. There, the payee endorsed to his attorney for collection merely, but not so expressed in the terms of the endorsement, and the attorney endorsed to a stranger for value and without notice of the special purpose of the endorsement, and the endorser sought to escape liability to the holder by proof of the circumstances of the endorsement, and the court in the course of their opinion say, the payer, "who puts a note in circulation ought no more to be protected from the claim of a subsequent *bona fide* purchaser for value, than would be the endorser of a bill of exchange not yet due as against an innocent holder for value." And they further say, promissory notes overdue being by law assignable, "the unchecked circulation of them must be upheld by the same principles as are applied to bills of exchange." It seems to us, therefore, that the defendant having endorsed the note in blank, and thereby put it into the power of his endorsee to impose on the plaintiff by relying on the legal import of the endorsement, ought not to be allowed as against the plaintiff, a purchaser for value and without notice, to make proof of the alleged special agreement, and in that aspect of the case it was immaterial to have any response by the jury to the issues tendered by the defendant.

No error. Affirmed.