COMMISSIONERS OF IREDELL COUNTY v. W. F. WASSON, Sheriff.

*Endorsement—Contract—County Funds—Sheriff.*

1. In an action by the *first* endorsee against the endorser (payee) in blank of a negotiable instrument, it is competent for the defendant by parol, to rebut the legal presumption of his liability by showing an agreement between the parties at the time that the endorsement was *to pass the title only.* (Otherwise where the action is by a *remote* endorsee, as held in *Hill* v. *Shields*, 81 N. C., 250)..

2. Where in such case the sheriff of a county endorsed a bank certificate of deposit to the treasurer as part of the county funds, the bank afterwards becoming insolvent, and the county commissioners brought suit against the sheriff upon the certificate, alleging ownership in the same ; *Held* that the treasurer is not merely the custodian of the funds, but

the certificate became the property of the county as soon as received by him.

(*Hill* v. *Shields*, 81 N. C., 250; *Mendenhall* v. *Davis*, 72 N. C., 150; *Davis* v. *Morgan*, 64 N. C., 570, cited, distinguished and approved.)

CIVIL ACTION tried at August Special Term, 1879, of IREDELL Superior Court, before *Gudger, J.*

The following are substantially the facts as shown by the record and statement of the case: The plaintiff declared upon a certificate of deposit, which is as follows, to wit:

Bank of Statesville, No. 1,604.   Statesville, N. C., May 10th, 1875.   W. F. Wasson has deposited in this bank one thousand currency dollars, payable thirty days after notice is given R. F. Simonton, cashier, on the return of this certificate properly endorsed, with interest at the rate of eight per cent per annum, if left for twelve months.

(Signed) R. F. SIMONTON, Cashier.

The certificate was endorsed by W. F. Wasson in blank, and he was sued as endorser. The certificate was transferred by the defendant W. F. Wasson, who was sheriff of the county of Iredell, to C. A. Carlton, then the treasurer of the county, on a settlement in payment of the taxes due the county for which he was liable as sheriff; and it was afterwards turned over by Carlton to his successor in office as a part of the county funds. The defendant Wasson contended that he was not liable as an endorser of the certificate, for the reason that when he endorsed it in blank, it was understood between him and Carlton that he was not to be liable for the same. And there being some conflict of testimony on this point, the issue was submitted to the jury: "Was it the intention of the parties that Wasson was to be liable on the transfer of the certificate, or was it endorsed by Wasson only to transfer the title and enable the county to draw the money on it?"

It was in proof that the bank was considered good at the

time of the transfer, and the certificate was the property of the county, and it was admitted that C. A. Carlton was treasurer of the county at the time, and that the certificate of deposit was a negotiable instrument. The plaintiff asked the court to instruct the jury,

1. That if they believed that the board of commissioners received said certificate with a blank endorsement thereon of defendant's name, for value and without notice of any understanding, if any, as to the nature of said endorsement, made between Carlton and Wasson, then defendant is liable.

2. That if the jury believe that Carlton took the certificate of deposit, relying on his ability to collect the same, and that he turned over said certificate to plaintiff in settlement of his indebtedness and without notice of any understanding between Carlton and Wasson, then defendant is liable and plaintiff is entitled to recover.

The court declined to give the instructions as prayed for, and charged the jury, " that if Carlton received the certificate as treasurer of Iredell county, and in payment of a debt due by Wasson to the county, his (Carlton's) act was the act of the county; that if defendant wrote his name across the back of the certificate of deposit, the law presumed that he intended to make himself responsible therefor, and that the burden was on the defendant to rebut this presumption raised by the law; that if he (Wasson) had satisfied them by a preponderance of testimony that at the time he endorsed the certificate, the contract between him and Carlton was, that he was not to be liable and that his endorsement was to pass the title only, then they should find the issue in favor of the defendant; but if they were not so satisfied, they should find the issue in favor of the plaintiff."

The plaintiff excepted to the instructions, and the jury found the issue in favor of the defendant, Wasson, and that he was not liable for the certificate of deposit. No defence having been set up by the other defendants, judgment was

rendered against them and in favor of the defendant Wasson upon the finding of the jury, from which judgment the plaintiff appealed. The bank of Statesville, one of the defendants, was solvent at the time the deposit was made, and alleged to be insolvent at the time of suit brought.

*Mr. J. M. McCorkle*, for plaintiff.
*Messrs. Scott & Caldwell*, for defendant.

ASHE, J. The only question presented for the consideration of this court by the appeal is, was there error in the instructions asked for or those given by His Honor to the jury? It was contended by the plaintiffs' counsel that Carlton was only the custodian of the funds of the county and had no right to make any contract binding on the commissioners, but to this it is objected that admitting the position to be correct, it was proved by the chairman of the board of commissioners that the certificate was the property of the county, and the fact that the commissioners of the county have brought this action in their own name for the recovery of the amount of the certificate, alleging in their complaint that "they now hold and own the same," concludes them from repudiating the act of Carlton, as the agent of the county in receiving the certificate. "The assent and election of the holder to treat the endorsement as a transfer is proved by his suing upon it in his own name." Danl. Neg. Inst., 514. It is the strongest ratification of the act that can well be imagined. They are concluded by the maxim *"omnis ratihabitio retrotrahitur et mandato priori æquiparatur."*

The principle involved in the instructions asked for by the plaintiff and refused by His Honor is correct, when applied to a case where the action is brought by a remote endorsee against a prior endorser. *Hill* v. *Shields*, 81 N. C., 250. But it has no application to the facts of our case. Here, Carlton was the financial agent of the board of commission-

ers and he received the certificate for the use of the county in his official capacity in payment of an indebtedness to the county. It was the property of the county as soon as received by Carlton, certainly so after the ratification. And when delivered by him to his successor, as a part of the county funds in his hands, the ownership of the certificate was not changed; it was still the property of the county. The board of commissioners were not remote endorsees in any sense, whose rights were unaffected by any special agreement between the endorser and payee, but in fact they were the first endorsees with whom the special agreement was made.

In the instructions given to the jury we do not discover any error. There was no error in telling them that if Carlton received the certificate as treasurer in payment of a debt due by Wasson to the county, his act was the act of the county, in view of the fact that the commissioners had ratified the act by sueing upon the certificate claiming it as their own. Nor do we thin'x there was any error in the latter proposition laid down by the judge, "that if Wasson had satisfied them by a preponderance of testimony, that at the time he endorsed the certificate the contract between him and Carlton was, that he was not to be liable and that his endorsement was to pass the title only, then they should find the issue in favor of the defendant, but if they were not so satisfied, they should find the issue in favor of the plaintiff.

While there is much diversity in the English as well as American decisions upon the subject of admitting evidence to rebut the legal presumption, that every endorser in blank of a negotiable instrument intends to incur the liability which the law attaches to the act of endorsement, in this state it is settled that in an action by the first endorsee against the payee, a special agreement between them restricting the endorser's (payee's) liability when the en-

dorsement is in blank, may be interposed as a defence to the action.   *Mendenhall* v. *Davis*, 72 N. C., 150 ;  *Davis* v. *Morgan*, 64 N. C., 570.

We do not feel ourselves called upon to express an opinion upon the negotiability of the certificate, as it was admitted on the trial to be a negotiable instrument.   There is no error.   Let this be certified to the superior court of Iredell county.

No error.                              Affirmed.