COFFIN v. SMITH.

(Filed May 14, 1901.)

1. ASSIGNMENT—*Married Women—Husband and Wife—Separate Property—Negotiable Instruments—The Constitution, Art. 10, Sec. 6.*

   The delivery of a note to the endorsee after it has been endorsed in blank by the wife, the owner and the husband, is a sufficient conveyance.

2. EVIDENCE—*Parol—Endorsement—Negotiable Instruments.*

   The endorsement of a note may be explained as between the immediate parties.

ACTION by Ann M. and E. F. Coffin against O. H. Smith and H. W. Blanchard, trading as Smith & Blanchard, heard by Judge *O. H. Allen,* at Fall Term, 1900, of Superior Court

of SWAIN County.    From a judgment on report of referee in favor of defendants, the plaintiffs appealed.

*Shepherd & Shepherd,* for the plaintiffs.
*Jones & Jones,* for the defendants.

MONTGOMERY, J.    Ann M. Coffin, the wife of E. G. Coffin, was, in 1891, the owner of six promissory notes, five of which were in the sum of $500 and one in the sum of $250, executed by W. W. Clark to Ann M. Coffin, and secured by a mortgage upon real estate.    E. G. Coffin, the husband, was at that time indebted to Smith & Blanchard in a large amount. Mrs. Coffin executed a certain paper-writing (her husband not joining in it) to Smith & Blanchard in which she assigned or transferred the notes to secure the debt which her husband owed to them, and the notes were delivered under the transfer. A part of the assignment and transfer of the notes was in the following language: "This assignment is made as collateral security only to secure said indebtedness, and whatever balance may be due from E. G. Coffin to Smith & Blanchard on the final day of settlement of his account with them, and when said balance is paid, to be returned to her."    The husband, together with his wife, wrote his name on the back of these notes.    Afterwards Mrs. Coffin claimed that she executed the assignment of the notes through the fraud and intimidation of Blanchard, and the husband alleged that his endorsement of the notes was a qualified endorsement, that is, one made to secure only $500, which Smith & Blanchard advanced to him at the time of the endorsement.

Coffin and his wife brought an action against Smith & Blanchard for the recovery and possession of the notes, and Smith & Blanchard brought an action to have the mortgage foreclosed, and also to have a certain deed which had been executed by Mrs. Coffin to one Baker for the land described

in the mortgage, and which had been sold by Mrs. Coffin under the mortgage from Clark to her, set aside and cancelled. The two suits were consolidated at the Fall Term, 1894, of the Superior Court of SWAIN County, and an order of reference made to have an account stated between the parties, the referee "to pass upon all issues of law and fact arising in the pleadings in said action, and to report his findings of fact and conclusions of law to the Court."

The testimony before the referee, upon the questions of the nature of the assignment by Mrs. Coffin and of her and her husband's endorsement of the notes, was conflicting and contradictory. He found as a fact that E. G. Coffin endorsed the bonds, together with his wife, the day after the wife had executed the assignment of the bonds, and that the object was to secure the full amount of his indebtedness to Smith & Blanchard; that the wife executed the assignment of the note for the same purpose, and that no fraud or intimidation was used to procure the assignment. And as a conclusion of law, he held that the execution of the assignment by Mrs. Coffin, the endorsement of the notes by both husband and wife, and the delivery of the notes to Smith & Blanchard, amounted to an executed contract and passed the title to the notes to Smith & Blanchard as a security to the debt due to them by E. G. Coffin, and that the property described in the mortgage should be sold and the proceeds applied to the payment of E. G. Coffin's debt to Smith & Blanchard.

As we have said, the evidence was conflicting, but there was evidence to sustain the findings of fact, and those findings, with some immaterial exceptions, were sustained by his Honor, as also were his conclusions of law, and a judgment was rendered upon the report of the referee.

We see no error in the judgment. If the written assignment of the notes by Mrs. Coffin—the husband not having executed the same—be eliminated from the transaction, we

are yet of the opinion that the endorsement of the notes by both the husband and wife, and the delivery of them to the creditor, constituted such a conveyance of the notes by her as is required by section 6, Article X, of the Constitution. No formal conveyance is necessary under that requirement of the Constitution in the transfer of a note or bond. The delivery of the note or bond to the endorsee after it has been endorsed in blank by the wife, the owner, and the husband, is a sufficient conveyance of the note or bond to satisfy the constitutional requirement.

The presumption is, nothing else appearing, that the endorsement in blank of a note by the payee constitutes a transfer of the note to the endorsee. But the endorsement is subject to explanation between the immediate parties, and in the case before us it was found by the referee upon evidence that the endorsement was one qualified in its nature and made for the purpose of securing the debt due by the husband to Smith & Blanchard. *Davis v. Morgan,* 64 N. C., 570.

No error.