W. P. McRAE v. L. G. FOX ET AL.

(Filed 25 April, 1923.)

1. **Evidence—Defense—Nonsuit—Burden of Proof.**

Where the plaintiff moves for judgment as of nonsuit upon the defendant's evidence tending to show that by mutual mistake he had not endorsed the note sued on "without recourse," the burden of this issue is on the defendant, and the evidence should be taken in the light most favorable to him; and the motion will be denied if so construed, there is sufficient evidence to sustain his defense.

2. **Correction of Instruments—Negotiable Instruments—Endorsements—Mutual Mistake.**

In an action by the holder of a note against an endorser it may be shown by the defendant that the plaintiff had acquired the note upon

the distinct agreement that it was to be without recourse on him, and by the mistake of the parties it had been endorsed by him otherwise.

### 3. Same—Instructions—Sufficiency of Proof—Equity.

Where the endorser on a negotiable note defends an action thereon by the holder, on the ground that the latter was to accept the note "without recourse," and by mutual mistake he had otherwise endorsed it by writing his name on the back thereof, and the character of his evidence is fully sufficient to sustain his defense, a charge of the court is not error to the plaintiff's prejudice, that the burden is on the defendant to show his defense by "clear and convincing proof," when taken with the other relevant portions of the charge, construed as a whole, his language necessarily implied, and the jury must have so understood, that it required proof that was "cogent" or "strong," etc.

Adams, J., did not sit.

Appeal by plaintiff from *Long, J.,* November Term, 1922, of Richmond.

On 12 April, 1920, G. W. Lee and wife executed and delivered to Paul R. Yountz two notes aggregating $3,000, and to secure payment thereof executed a deed of trust on certain lands in Richmond County. Yountz thereafter endorsed the bonds over to T. T. Cole and Cole endorsed the same "without recourse" to the defendant, L. G. Fox. In the summer of 1920 negotiations were had between the plaintiff McRae and the defendant Fox which resulted in the sale by McRae to Fox of a house upon a lot in Rockingham, in payment for which Fox endorsed and assigned to the plaintiff, McRae, said bonds.

Default having been made in the payment of said bonds, McRae instituted suit against Lee and wife to recover judgment against him as maker thereof and to foreclose the deed of trust to secure the same, and Fox was made a party defendant to enforce his personal liability as endorser. There is no defense by Lee and wife but Fox answered alleging that under the agreement between the parties McRae was to accept an endorsement of said bonds without recourse on defendant, Fox, and that the words "without recourse on me" were omitted when Fox endorsed the same, by mutual mistake between the parties.

The issue of mutual mistake was the only controversy between the parties and the only issue submitted to the jury. Verdict in favor of defendant; judgment and plaintiff appealed.

*J. C. Sedberry, McIntyre, Lawrence & Proctor for plaintiff.*
*W. Steele Lowdermilk, Bynum & Henry for defendants.*

Clark, C. J. The following issue was submitted to the jury: "Did the defendant, L. G. Fox, endorse the bonds declared on, leaving out the words 'without recourse to me' by mutual mistake between himself and the plaintiff, W. P. McRae, as alleged in his answer?"; to which the

jury responded "Yes." The appeal presents two questions for our consideration. The plaintiff assigned as error that the court overruled the motion to nonsuit. The evidence must be taken on such motion in the light most favorable to the defendant upon whom rested the burden of proving this issue.

The defendant, Fox, testified that after he became the holder of the bonds, the plaintiff began negotiations with him for a certain house in the town of Rockingham for which McRae asked $2,500; that after some conversation about the matter, Fox testified that he told the plaintiff, McRae, that he had $3,000 in bonds that had been transferred to him by T. T. Cole and which were secured by mortgage against G. W. Lee on 140 acres of land near Rockingham; that he did not know anything about the land or its value but that he would give McRae the bonds for the house; that McRae insisted that Fox buy the house and give him his note which Fox did not agree to but that he would give the $3,000 in bonds; that McRae then suggested that Fox endorse them, to which Fox testified that he replied that if he did this he would be just as liable as if he had given McRae his individual note. Fox testified further that McRae then asked to take the bonds to the bank so that he might inquire about the value of the land secured thereby and later brought the bonds back to Fox and told him that he would take them on the trade for the house; that Fox had told him that he would not endorse the notes but that he would trade with him if he would take the bonds and relieve him of any further liability thereon, to which Fox said he replied that McRae said "all right." He said he got the bonds out and looked at them and the endorsement thereon was "Pay to L. G. Fox without recourse to me.   (Signed) T. T. Cole"; and thereupon he signed his name thinking that the bonds under the agreement between him and McRae was that he was assigning them without recourse and he wrote on them simply "Pay to W. P. McRae" and signed his name.

He further testified that when McRae brought the bonds back after he had shown them to the bank, as above stated, he kept them for two or three weeks when McRae having moved the house over upon Fox's lot, which was a part of their agreement, he signed his name on the back of the bonds and sent them to McRae; that McRae asked $2,500 for the house and the agreement was that he was to take the $3,000 notes without endorsement by Fox for the house.

The plaintiff, W. P. McRae, testified there was nothing said about the notes being endorsed without recourse. There was full testimony by both parties and the jury found the issue in favor of Fox.

We cannot sustain the contention of the plaintiff that the motion for nonsuit should have been granted. There was very full evidence on

both sides; the issue was squarely raised and the jury found in favor of the defendant.

The plaintiff further contends that the court did not charge that the burden was on the defendant to prove the mutual mistake by evidence that was "clear, strong and convincing." The court charged the jury three times upon this proposition. He said that "as the plaintiff alleges, the burden is upon Fox to prove it (the mutual mistake) and show by evidence that shall produce satisfaction to the mind upon all the evidence that there was a mutual mistake between Fox and McRae." Again the court charged the jury: "Has he satisfied you on that so that you can say and are satisfied that it was a mistake at the time—a mutual mistake between him and McRae; that is what he alleges now, and if he has satisfied you of it as the face of the paper has not those words (without recourse) and he has alleged there was mistake, I stated to you that the burden was upon him to satisfy you that there was a mistake and the kind of mistake he alleges there was."

And again the court charged the jury: "Has he satisfied you by the evidence, clear and convincing, that those words should have been there? If the defendant has so satisfied you and this in the manner which I have explained to you, your answer to the issue should be 'Yes.' If he has failed to so satisfy you, your answer to this issue should be 'No.' "

It is true that the usual phrase is "clear, strong and convincing" but these exact words are not absolutely indispensable. They are not "sacramental words," *S. v. Arnold,* 107 N. C., 862, but it is sufficient if the expression used conveyed to the minds of the jury the same meaning. The use of the words here "clear and convincing" together with the twice repeated expression that unless the jury was so satisfied "in the manner in which he had explained to the jury," that is by "clear and convincing" evidence that they should answer the issue "No," was sufficient.

In *Mendenhall v. Davis,* 72 N. C., 150, it was held that parol evidence was admissible to show that an endorsement in blank was made with the understanding that it was to pass the title and without any assumption of liability. In *Comrs. v. Wasson,* 82 N. C., 308, it was held that an endorsement could be construed as simply passing the title. The plaintiff's contention, however, does not seem to controvert that proposition but rests upon the ground that the charge "Has he satisfied you by the evidence, clear and convincing" was not sufficient, but was defective because of the omission of the further word "strong" or "cogent."

In *S. v. Arnold,* 107 N. C., 862, in discussing the words for which no synonyms can be substituted in indictments, it was held that while "feloniously," "with malice aforethought," and "murder" are essential

to the validity of the indictments requiring them, that there were no other "sacramental words," that is, words which admitted of no substitute and especially that "wilfully and unlawfully" could be expressed by other words conveying the same idea.

The entire controversy depended solely upon the question whether the words "without recourse" were omitted by mutual mistake. On this there was a direct conflict of evidence and when the jury were told to find the issue in the negative unless they were satisfied by clear and convincing proof, they must have understood this required proof that was strong and cogent. While it is best always to follow the customary expressions and terms, if for no other reason because it will avoid such debates as this and will prevent experiments in language—whether in civil or criminal cases—we do not see that the expression "clear and convincing proof" which would satisfy the jury, was not sufficient to convey to their minds the same idea that would have been conveyed if the additional word "strong" or "cogent" had been used.

It is more probable that the testimony of defendant that the plaintiff asked $2,500 for the house (and the plaintiff admitted it was $2,750) was clear and convincing to the jury that $3,000 in bonds, with the interest thereon, was agreed upon because not endorsed.

We have held frequently and consistently that the charge of the court should be construed in its entirety and not by any detached portions.

Taking the evidence of the defendant, Fox, and that of the plaintiff, together with the charge of the court, we think that the controverted point together with the necessary intensity of proof required, must have been fully understood by the jury and that they found the issue intelligently and understandingly and we cannot on appeal disturb the verdict merely because the word "strong" (or "cogent") was not added to the phrase that the proof must be "clear and convincing."

No error.

ADAMS, J., did not sit.

WALKER, J., dissented upon the ground: 1. That there is no evidence of a mutual mistake, or any mistake, as understood in the law, by L. G. Fox, and certainly none by W. P. McRae, and therefore there was no mutual mistake, and the court should have granted the motion to nonsuit.

L. G. Fox signed the very endorsement he intended to sign, and did so not mistakenly, in the sense of a mistake in fact, but because he thought that, as T. T. Cole had the words "without recourse" in his endorsement, it would import the same words into his own endorsement. But in this he was mistaken, not in fact, but only in law, and that will

not do; because, for one good reason, W. P. McRae did not participate even in that mistake. What L. G. Fox needed was a lawyer, when he would have had better advice than his own. Whoever has himself for his lawyer, is apt to have an unwise man for his client, is the old, old adage.

2. The charge of the court, based upon the defective evidence, was also erroneous, and necessarily so.

3. It is well settled that there must be a mutual mistake of the parties or the mistake of one induced by the fraud, surprise, etc., of the other, which is not alleged here. *White v. R. R.,* 110 N. C., 456; *Day v. Day,* 84 N. C., 408; *Jones v. Warren,* 134 N. C., 390; *McMinn v. Patton,* 92 N. C., 371, 374; *Wilson v. Land Co.,* 77 N. C., 445; *Britton v. Ins. Co.,* 165 N. C., 149, and more recently, *Ray v. Patterson,* 170 N. C., 226; *Newton v. Clark,* 174 N. C., 393. Where mistake alone is relied on, it must be both alleged and shown that it was a mutual one, and that the matter asked now to be supplied, or inserted, was omitted by reason of a mutual mistake. *Ray v. Patterson, supra; Newton v. Clark, supra.*