THE STATE v. SPENCER HADDOCK.

*Slander of Women—Indictment.*

An indictment for slandering an innocent and virtuous woman, charged that defendant " did, by words spoken, declare in substance that said L. B. was an incontinent woman": *Held,* a sufficient description of the offence charged, notwithstanding the alleged slanderous words were not set out.

CRIMINAL ACTION, tried before *Whitaker, J.,* at the June Term, 1891, of the Superior Court of PITT County.

The defendant was indicted for attempting to injure and destroy the reputation of an innocent woman, under section 1113 of *The Code.*

The indictment was as follows:

"The jurors for the State upon their oaths present, that Spencer Haddock, late of the county of Pitt on the 26th day of May, in the year of our Lord one thousand eight hundred and ninety-one, at and in the county of Pitt, attempting, wantonly and maliciously to injure and destroy the reputation of one Lany Booth, being an innocent and virtuous woman, did by words spoken, declare in substance that the said Lany Booth was an incontinent woman, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The counsel for defendant moved to quash the bill of indictment, which motion was allowed and the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

DAVIS, J.: By section 1113 of *The Code* it is made a misdemeanor for anyone to " attempt, in a wanton and malicious manner, to destroy the reputation of an innocent woman, by words written or spoken, which amount to a charge of incontinency." The defendant is indicted under this section, and the only question presented for our consideration is, does the indictment " express the charge against the defendant in a plain, intelligible and explicit manner."

If it does, it is sufficient  See *The Code,* § 1183.  The indictment follows the very language of the statute; but it is said that the indictment should set forth the words "spoken," and the circumstances under which they were spoken, in order to enable the Court to see whether they amount to a charge of incontinency, and to enable the defendant to know what he is to answer.

The charge is clearly and distinctly made, in the very language of the statute, that he wantonly and maliciously attempted to injure and destroy the character of Lany Booth, an innocent and virtuous woman. Whether she is an innocent and virtuous woman, and whether he has attempted, by words spoken, to injure and destroy her character, are matters for proof.

It is not necessary to set forth the words by which the attempt was made. The offence is created by statute, and it is sufficient if the indictment follows the words of the statute. *State* v. *George,* 93 N. C., 568, and cases cited. The Legislature has thought wise to relax the stringency of the common law requirements in indictments under which defendants frequently escape trial and punishment by informalities and refinements. *The Code,* § 1183, *supra.*

In the case of *State* v. *Eden,* 95 N. C., 693, an indictment, in form precisely like this, was before this Court in which there was a motion in arrest of judgment. That was the defendant's appeal, and a new trial was awarded because of error in instructions to the jury upon the evidence, but the Court refused to arrest the judgment. It is true that the form of the indictment was not passed on, but SMITH, C. J., said: "We do not find it necessary to pass upon the form of the indictment, * * * since we propose to dispose of the appeal upon the ruling to which the first exception is taken, with the remark that similar forms of indictment have been heretofore before this Court, and acted on without objection, for these alleged defects." *State* v. *Eden, supra,* and cases there cited.

Error.