STATE v. RACHAEL SHADE.

*Indictment for Assault in a Secret Manner, what Constitutes—*
*Indictment, sufficiency of.*

1. Under Laws 1887, chapter 32, making "an assault committed in a secret manner, by waylaying or otherwise," an offence, an indictment omitting the words "by waylaying or otherwise," in charging that offence, is sufficient.

2. Where an indictment otherwise unobjectionable is not sufficiently specific as to the nature of the charge, and the defendant fails to demand a bill of particulars before trial, after conviction the Court will not arrest the judgment for such objection.

3. Laws 1887, chapter 32, making "an assault committed in a secret manner, by waylaying or otherwise," an offence, includes, in addition to those accompanied by waylaying, every other assault committed in a secret manner.

CRIMINAL ACTION, tried at September Term, 1894, of BURKE Superior Court, before *Allen, J.*

The indictment is, in substance, as follows: "The jurors, etc., present that Rachael Shade, etc., unlawfully, wilfully, maliciously, feloniously and in a secret manner, and with a certain deadly weapon, to wit, a pistol, in and upon the body of one Rose Wright did make an assault with the intent then and there to kill the said Rose Wright, her the said Rose Wright did beat, bruise and seriously injure, against the form of the statute," etc. The case states that the defendant was charged with committing a secret assault under chapter 32, Laws 1887, with a pistol upon Rose Wright, and evidence was offered by the State tending to prove the charge as alleged, and evidence in rebuttal was offered by defendant.

There was a verdict of guilty, and defendant moved in arrest of judgment for that the indictment did not charge that the assault was committed by waylaying, and did not

specify the secret manner in which it was committed. Motion overruled. Defendant excepted. No exception made to the charge. Judgment pronounced upon the verdict, and defendant appealed.

*Attorney General* and *Mr. J. T. Perkins*, for the State.
*Mr. S. J. Ervin*, for defendant.

AVERY, J.: The defendant's counsel moves in arrest of judgment on the ground that the indictment does not charge that the assault was committed by waylaying, and does not specify the secret manner in which it was committed. The gravamen of the offence created by the statute (Laws 1887, chapter 32) is that the assault must be committed " in a secret manner with intent to kill " the person assailed. The language which the defendant claims was not so followed in the indictment as to put him on notice of the precise nature of the offence with which he was charged, was " by waylaying or otherwise." We think that the charge is sufficiently "plain, intelligible and explicit" (*The Code*, § 1183) to enable the defendant to prepare his defence and to warrant the Court in proceeding to judgment in case of conviction. *State* v. *Haddock*, 109 N. C., 873. The trend of judicial decision and the tendency of legislation is towards the practical view that objections founded upon mere matter of form should not be considered by the Courts unless there is reason to believe that a defendant has been misled by the form of the charge, or was not apprised by its terms of the nature of the offence which he was held to answer. Where the defendant thinks that an indictment, otherwise objectionable in form, fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the Court to order that a bill of particulars be filed, and the Court will not arrest the judgment after verdict where he attempts to reserve his fire until he takes first the chance of acquittal.

*State* v. *Brady*, 107 N. C., 826. The statute denounces as criminal secret assaults with intent to kill, and after giving one explicit illustration, lest the maxim *expressio unius exclusio ulterius* might be invoked in its interpretation, the Legislature added the words "or otherwise," meaning thereby to include every other manner of making such secret attempts, no matter what might be the attendant circumstances. A Court is not bound, in seeking to arrive at the intent of the Legislature, to adopt the printer's punctuation, and we think that the purpose in passing the act of 1887 was to include, in addition to those accompanied by waylaying, every other assault committed in a secret manner.

It seems to us no more necessary to set forth the attendant circumstances in the charge of a secret attempt to kill, than in an indictment under the statute for an attempt to destroy the reputation of an innocent woman, in which class of criminal actions this Court held in *State* v. *McIntosh*, 92 N. C., 794, that it was unnecessary. If it may be said to be the general rule that the word "otherwise" following an enumeration should be interpreted by supplying after it the words " *ejusden generis*," this statute, like the famous section 9 of 27 Henry VIII. constitutes a very clear exception, because it is not indefinite, but must be construed as meaning " otherwise in a secret manner." 17 Am. and Eng. Enc., 285. Indeed, in the only case involving a construction of the statute that has been before us (*State* v. *Jennings*, 104 N. C., 774) it was said *arguendo* that the statute included not only cases where the assailant was shown to have laid in wait, but also those where a person "otherwise than by lying in ambush hides his purpose from the party assailed till it is too late to guard against its accomplishment."

In the declaration of rights it is announced as a fundamental principle that "in all criminal prosecutions every man has the right to be informed of the accusation against him" (Constitution, Art. I., sec. 2); but the duty of protecting

the public by providing for the speedy trial and punishment of the guilty and against the unnecessary detention in durance of the innocent, devolves upon the Legislature, along with that of guaranteeing to every person charged with crime ample opportunity to prepare for his defence. These two apparently conflicting duties seem to have been discharged and made consistent, in providing that a statement of a charge, which upon its face appears to be plain, intelligible and explicit, shall be sufficient as notice of its nature, subject to the right of the accused in apt time to ask for a more specific bill of particulars where any reasonable ground for making the request is shown. With such safeguards thrown around prosecutions, it must be the fault of the person charged if he goes to trial without being "informed of the accusation against him."

There was no error in overruling the motion in arrest of judgment, and the judgment of the Court below is affirmed.

Affirmed.