### GEORGE W. SMITH v. HOLMES BROS.

(Filed 25 May, 1908.)

1. **Appeal and Error—Excusable Neglect—Facts Found.**
    The trial Judge should find the facts involved on appeal from his order setting aside, in his discretion, for excusable mistake or neglect, a judgment previously rendered.

2. **Appeal and Error—Excusable Neglect—Legal Excuse Appearing in Record.**
    When neither party to an appeal from an order of the trial Judge setting aside on reasonable terms a judgment previously rendered, on the ground of excusable mistake or neglect, has requested the Judge to find the facts, and it appears from the statement made of record by the Judge, and from other statements therein, that the case was tried in the absence of counsel, who had good cause to believe that the case would not be then taken up under the existing circumstances, the appeal will be affirmed.

ACTION heard by *Cooke, J.,* at Fall Term, 1908, of JACK-SON.

This is an appeal from an order of his Honor, *Judge Guion,* setting aside a judgment of nonsuit rendered at a former term of the court. The ground of the application was that the absence of plaintiff's counsel was caused by excusable mistake. A number of affidavits and a "statement" by *Judge*

*O. H. Allen,* who rendered the judgment of nonsuit, were submitted to his Honor. The order setting aside the judgment of nonsuit taxed the plaintiff with the entire cost accrued to the time - of the judgment, together with certain traveling expenses and hotel bills incurred by defendant. His Honor did not find the facts, but rested his order upon the exercise of his discretion. Neither party requested him to find the facts. Defendant excepted, assigned error and appealed.

*Davidson, Bourne & Parker* and *Busbee & Busbee* for plaintiff.

*C. C. Cowan* for defendant.

CONNOR, J. It is settled by a number of decisions of this Court that, upon a motion to set aside a judgment for excusable mistake or neglect, the Judge should find the facts. The reason for this requirement has been set out and need not be repeated. *Marsh v. Griffin* and other cases cited in Clark's Code (3d Ed.), pp. 310, 311. It is usual in cases which come to us in the condition presented by this record to remand the case for the purpose of having the facts found. We have examined the record with care and find no controversy in regard to the material facts. They appear very largely from the statement of *Judge Allen* used on the hearing. It seems that the case was pending in Jackson Superior Court, and Mr. Bourne, of the firm of Davidson, Bourne & Parker, of Asheville, had charge. Mr. Cowan and Hon. W. E. Moore appeared for defendant. Some correspondence had taken place between Mr. Bourne and Mr. Cowan relative to the trial of the case. At the May Term, 1907, which, by law, could, if the business so required, continue two weeks, Mr. Bourne had an important engagement at Murphy during the first week, and had requested Mr. Cowan to consent to a continuance, which he had declined. The case was set on the calendar for 23 May of the first week, of which Mr. Bourne was notified. *Judge Allen* makes the following statement: "The

facts stated by Mr. Bourne in his letter to me as to having explained to me that he had to be at Murphy the first week of Webster court, and requesting that the case be set for the second week, are true, and I conferred with counsel on the opposite side, and my recollection is that it was understood that it would not be tried until the second week unless Mr. Bourne came from Murphy, but during the first week it soon became evident that court would adjourn during the first week, and I therefore requested Mr. Cowan, who was urging a trial, to write Mr. Bourne at Murphy that the case would be called for trial during the first week, and he informed me he had done so." After stating the circumstances attending the signing of the judgment, *Judge Allen* says: "If I had known that Mr. Bourne had not gotten the letter notifying him that court was about to adjourn, I should have continued the case or held the court open till the next week and tried it. He had good cause to believe that the case would not be taken up in his absence and without notice to him." Mr. Cowan wrote the letter, and a second letter, but for some reason Mr. Bourne did not receive them. He was at Murphy, engaged in the trial of another case. It seems that Mr. Styles, an attorney, had been requested by Mr. Bourne to notify him of the conditions existing at Webster. Mr. Styles had a conversation with *Judge Allen* on Saturday, as he thought, in regard to this case, but, as *Judge Allen* thought, in regard to another case in which Mr. Styles was concerned. He said to Mr. Styles that the case had been continued, and Mr. Styles immediately so telegraphed Mr. Bourne, who had returned to Asheville, and, with his client's agent, was preparing to try the case the next week at Webster, when he received the telegram from Mr. Styles. In regard to this conversation *Judge Allen* says: "I am sorry I misunderstood Styles. My recollection is that he had a case in his own name on the docket and that it was continued. I thought that he was speaking about that case and you (Mr. Bourne)

were his attorney." He also says that, while the matter was being discussed, some gentleman of the bar, not Mr. Cowan, stated that he thought plaintiff intended to "abandon his action." No blame is attached to any one in this connection. There is no question about the fact that Mr. Cowan wrote and mailed the letter to Mr. Bourne, nor is it denied that he failed to receive it. Mr. Cowan never agreed that the case should go over until the second week. These facts, which are all material to the decision of the case, are not controverted. It would only cause delay and expense to all parties to have the case remanded to find them. They present a "chapter of accidents" and a combination of misunderstandings. No possible blame can be attached to the action of any one concerned. Taking *Judge Allen's* statement, not controverted by any one, we think with him that, in view of what he understood, Mr. Bourne "had good cause to believe that the case would not be taken up in his absence without notice to him." There was no purpose on his part or that of his client to delay a trial. Every act on his part evinces a purpose and expectation to try the case during the second week of the term, and this, *Judge Allen* says, he understood would be done. We do not perceive any substantial difference between section 513 of Revisal and the statute as found in The Code of 1883, sec. 274; certainly none affecting this motion. Upon a careful examination of the entire record, we think that the absence of counsel was caused by excusable mistake, and that his Honor correctly set aside the judgment, imposing reasonable terms. The judgment is

Affirmed.