The defendant was convicted and sentenced to five years in the State's Prison. From the verdict and judgment defendant appeals.
The evidence for the State tends to prove that defendant offered Jimmie Mustian, a boy of nine years of age, five dollars to go with him into a neighboring corn field in the suburbs of Henderson and let defendant have intercourse with the boy by the mouth. The boy went with defendant, who took the boy's penis in his mouth and continued the act for about five minutes, when he desisted. He did not pay the boy, who complained of the offense.
The defendant's evidence tends to prove that he is fifty-two years of age and has a wife forty-two years of age, that they have seven children from twenty-seven years old, that he has been a man of good character, except for getting drunk, and has never been accused or suspected of such crime before this.
The defendant testified "that he was drunk that afternoon and the only recollection he had after about 3 o'clock was of lying on the ground in the cornfield in the dark, and of a boy `peeing' in his face; and that the next thing he knew was coming to himself in the jail; that he had never done such a thing as he was accused of."
The defendant at the close of the State's testimony, and again at the close of all the testimony, demurred and asked his Honor to hold: (1) "That the crime is not complete upon the testimony, since the law contemplates the insertion of the private parts of the defendant into the person of the pathic or other party to make out the crime, and that the insertion of the penis of the boy into the mouth of the defendant does not constitute the crime. (2) That the statute and the nature of the case require that to constitute the crime the party of the second part must be capable of an emission, which a boy of nine years is not." *Page 814 
The motion was denied and the defendant excepted.
We think the demurrer was properly overruled. The statute reads as follows: "If any person shall commit the abominable and detestable crime against nature with mankind or beast, he shall be imprisoned (769) in the State's Prison not less than five nor more than sixty years." Revisal of 1905, sec. 3349.
The statute does not define the crime against nature, but it has been done by the courts, and in declaring what indecent and unnatural acts come within the denunciation of the law, the courts have differed to some extent, as pointed out by Mr. Justice Allen in S. v. Fenner, 166 N.C. 248. In that case it is held that having carnal knowledge of a man by inserting the sexual organ of the defendant in his mouth is an indictable offense under the statute.
The only difference in that case and this is that this defendant took the boy's penis in his mouth and undertook by that unnatural and indecent method to gratify a perverted and depraved sexual instinct. We think the one method is as much a crime against nature as the other.
While the crime against nature and sodomy have often been used as synonymous terms, our statute is broad enough to include in the crime against nature other forms of the offense than sodomy and buggery. It includes all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified. The method employed in this case is as much against nature, in the sense of being unnatural, indecent, and against the order of nature, as sodomy or any other bestial and unnatural copulation. It is the identical act for which the accused was convicted in Honselman v. The People, 168 Ill. 175, which is cited and approved in Kelly v. The People, 191 Ill. 305.
Under a statute similar to ours the Supreme Court of South Dakota declared that the words crime against nature not only included the common-law crime of sodomy, but any kind of unnatural copulation by the mouth or any other kind of unnatural carnal copulation. S. v. Whitmarsh,26 S.D. 426.
Another case exactly on all fours with the one at bar is S. v. Start,65 Ore., 178, where the Court also holds that both parties and all who are present aiding and abetting the act are guilty.
S. v. Vicknair, 52 La. Ann., 1921, holds that the act committed with the mouth is included in the "crime against nature," and that it is immaterial which of the parties committed it. "Whether he was agent or pathic is immaterial. Even those who are present aiding and abetting the offense are all principals." Other pertiment [pertinent] cases are Herring v. S.,119 Ga. 709; Glover v. S., 45 L.R.A. 473 (Ind); Ausman v. Veal, 10 Ind. 355;S. v. Means, 125 Wis. 650. *Page 815 
The second ground of demurrer is also untenable. It is not necessary that the boy should have attained the age of puberty so as to be capable of an emission. Such a construction of the law would permit such degrading practices to be carried on with impunity with those whose tender years and inexperience render them ignorant of their evil effects. The statute aims to protect the young and innocent as (770) well as to punish the hardened criminal who seduces them into such filthy and detestable conduct.
Defendants counsel contended and argued to the jury and asked the court to charge that the crime being a sexual one, would naturally appear and be practiced by defendant, if at all, soon after attaining puberty, and in youth and in young manhood, and that one guilty of it would naturally be averse to matrimony and to woman and to the natural relations of the sexes; and that the defendant having married in his youth and reared a large family would constitute evidence to be considered by them and in defendant's favor and in support of his denial that he had been guilty of the crime charged. This prayer could not well be given. It assumes certain facts and conditions to be true which are matters in evidence and solely for the consideration of the jury. These matters were properly argued to the jury and the defendant had the full benefit of them. It was for the jury and not the judge to draw the proper inferences from and give the proper weight to them.
We regret that the importance of this question, covering as it does a matter wherein the courts of other States are in conflict, renders it necessary to soil the pages of our reports with the discussion of a subject so disgusting.
The learned and humane judge who tried this case seems to have been impressed by the defendant's evidence that he was so drunk that he was unconscious of the act charged against him, for he imposed the minimum sentence of the law.
It is to be deplored that there is no minimum punishment for the defendant's unfortunate wife and children. Their sufferings cannot be mitigated.
No error.
Cited: S. v. Williams, 247 N.C. 273. *Page 816 
(771)