### S. J. BARTHOLOMEW & COMPANY v. S. L. PARRISH.

(Filed 23 September, 1925.)

**Appeal and Error—Record—Judgment—Facts Found—Case on Appeal—Inconsistent Statements.**

> The judgment setting forth the facts in a case on appeal to the Supreme Court is a part of the record, and controls when the statement in "the case on appeal" is in material conflict.

APPEAL by defendant from *Sinclair, J.,* at March Term, 1925, of NASH.

Motion of defendant to set aside judgment, rendered in this cause at the October Term, 1924, on the ground that said judgment was taken through surprise or excusable neglect. C. S., 600. Motion denied, and defendant appeals.

*Cooley & Bone and E. B. Grantham for plaintiff.*
*W. H. Yarborough, D. W. Perry and Ben. T. Holden for defendant.*

STACY, C. J. The judge found the facts and embodied them in the judgment. On the findings made, supported, as they are, by competent evidence, the motion was properly overruled. *Smith v. Holmes,* 148 N. C., 210; *Marsh v. Griffin,* 123 N. C., 660. But in the statement of case on appeal the following appears:

"At the conclusion of the reading of the affidavits the court stated that, while it seemed a great hardship upon the defendant, it would hold as a matter of law upon the defendant's own showing and taking

the contents of the affidavits in consideration, that he was not entitled to have the judgment set aside, and for that reason the motion was denied. To this ruling of the court the defendant excepted."

This statement, which forms the basis of defendant's appeal, is slightly at variance with the facts found and incorporated in the judgment. Under these circumstances, where the record proper differs from the statement of case on appeal, it is the uniform holding of the Court that the former must govern. *S. v. Wheeler,* 185 N. C., 670; *Moore v. Moore, ibid.,* 332. The judgment is a part of the record proper (*Thornton v. Brady,* 100 N. C., 38), while the statement of case on appeal is not. *S. v. Matthews,* 142 N. C., 621.

Therefore, disregarding that part of the statement of case on appeal, which apparently is inconsistent with the facts recited in the judgment, we find no error. There was no motion to reform the judgment so that it might conform to the facts set out in the statement of case on appeal.

During the same term of court, at which the judgment was rendered, a motion was made to set it aside, on the ground that it was contrary to the weight of the evidence. This was overruled. Appellee takes the position that the reasons now urged for a vacation of the judgment (surprise and excusable neglect) should have been presented at the time of the first motion and that movant is guilty of laches in failing to do so. It is not necessary to give a definite ruling on this point, but where relief from a judgment is sought by a party "upon such terms as may be just" (C. S., 600), it would seem that a proper regard for the rights of both parties would call for reasonably prompt action on the part of the movant after notice of the judgment.

The judgment must be upheld on the facts found by the trial court.

Affirmed.