PER CURIAM. As to Williams, sole appellant, there was ample evidence to support the verdict; and consideration of each of his eleven assignments of error fails to disclose any error of law deemed sufficiently prejudicial to justify the award of a new trial.

The applicable principles of law are well established. No restatement thereof is required, nor would it serve a useful purpose to analyze in greater detail the evidence tending to establish appellant's guilt.

While the evidence tends to show that the enmity of Fisher and Williams was directed primarily towards Keziah whom they knew and not against Pressley whom they did not know, mistaken identity of the victim is not a defense to the crime of felonious assault. *S. v. West,* 152 N.C. 832, 68 S.E. 14; *S. v. Heller,* 231 N.C. 67, 55 S.E. 2d 800.

No error.

---

### STATE v. ROBERT P. ARTHUR.

(Filed 9 October, 1957.)

**Criminal Law § 137: Judgments § 20—**

> Where, on motion to correct the minutes, the court finds upon supporting evidence that the minutes of the court were correct, its ruling denying the motion is not subject to review.

APPEAL by defendant from *Huskins, J.,* February Term 1957 of MECKLENBURG.

This case was here at the Fall Term 1956 (*S. v. Arthur,* 244 N.C. 582, 94 S.E. 2d 646). While the appeal was pending in this Court, the defendant moved in the court below to correct the minutes of the court, contending that the jury had not returned a verdict of guilty as set out in the minutes of the court, that the true facts are as reported by the Court Reporter. See *S. v. Arthur, supra,* where the contentions of the defendant are set out in full. The court below denied the motion on the ground that the case was pending in the Supreme Court. Upon appeal, we affirmed the. ruling in an opinion reported in *S. v. Arthur,* 244 N.C. 586, 94 S.E. 2d 648.

A new trial was granted on the original appeal, and in connection therewith this Court said: "In granting a new trial, it is without prejudice to the defendant to move, and to be heard, and to have the facts found, on his motion for correction of the minutes. If no verdict was rendered, the new trial here granted shall not prejudice defendant with respect to his right to be heard, if he should so desire, on question of former jeopardy."

Thereafter, the defendant moved to have the judgment originally entered stricken, and to have the minutes corrected to show that no verdict was rendered by the jury as to the guilt or innocence of the defendant but that the verdict actually rendered in the original trial was as follows: "Court: Lady and Gentlemen of the jury, have you agreed upon your verdict? Jury: We have. Court: Guilty? Jury: We'd like to recommend mercy."

The court below heard the testimony of nineteen witnesses bearing on the question involved, including the Court Reporter, several attorneys, the Assistant Solicitor, the Superior Court Judge who presided at the former trial, a Deputy Clerk of the Superior Court of Mecklenburg County, and eight members of the jury who sat in the original trial, the eight being all that could be located at the time of the hearing.

The court found as a fact that the minutes of the court, to the effect that a verdict of guilty with a recommendation of mercy was returned by the jury, were correct, and denied the motion to amend the minutes.

The defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Llewellyn & Greene for defendant.*

PER CURIAM. The record discloses that the findings of the court below are supported by competent evidence; hence, the challenged ruling is not subject to review, *S. v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339, and cited cases.

Affirmed.

———

GERTRUDE L. CHAMPION, WIDOW AND ADMINISTRATRIX; DARLENE CHAMPION, DAUGHTER; CARL CHAMPION, SON; BETTY JEAN CHAMPION THORNBURG, DAUGHTER; AND ARBRADELLA CHAMPION BELL, DAUGHTER; LYMAN E. CHAMPION, DECEASED, v. HARDIN-DIXON TRACTOR COMPANY (EMPLOYER) AND TEXTILE INSURANCE COMPANY (CARRIER), DEFENDANTS.

(Filed 9 October, 1957.)

**Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive on appeal when they are supported by competent evidence even though there be evidence that would support a finding to the contrary.

APPEAL by defendants from *Craven, Special J.,* at May 1957 Term, of CLEVELAND.