STATE v. MAX TESSNEAR.

(Filed 1 March, 1961.)

**1. Indictment and Warrant § 9—**

Where time is not of the essence of the crime charged, the failure of the indictment to aver the date the offense was committed is not a fatal defect.

**2. Receiving Stolen Goods § 3—**

The crime of receiving stolen goods is not one in which time is of the essence, and the failure of the indictment to aver the date the offense was committed is not fatal. G.S. 15-153, G.S. 15-155.

**3. Criminal Law § 99—**

On motion to nonsuit, the evidence is to be taken in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and defendant's evidence is not to be considered except insofar as it is not in conflict with that of the State, but tends to explain or make clear the State's evidence.

**4. Criminal Law § 101—**

As a general rule, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to that conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture, the case should be submitted to the jury.

**5. Receiving Stolen Goods § 6—**

Evidence tending to show that a defendant bought goods from persons responsible for the larceny of the goods, that at that time defendant made a remark inferring defendant's knowledge that the goods had been stolen, and that the value of the goods stolen was in excess of one hundred dollars is sufficient to be submitted to the jury in a prosecution under G.S. 14-71.

**6. Receiving Stolen Goods § 1a—**

That the value of stolen goods received with knowledge by defendant exceeded one hundred dollars is an essential element of the offense proscribed by G.S. 14-71.

**7. Receiving Stolen Goods § 7—**

In a prosecution for feloniously receiving stolen goods with knowledge that they had been stolen, the court must charge the jury that it must find beyond a reasonable doubt that the goods were of value in excess of one hundred dollars to support a verdict of guilty, particularly when the record fails to disclose that any of the goods were found in defendant's possession or that all of the goods stolen were received by defendant.

APPEAL by defendant from *Froneberger, J.,* at November Term, 1960, of RUTHERFORD.

Criminal prosecution upon a bill of indictment charging that Max Tessnear did "on the first day of ........................ and in the year of our Lord 19........," commit the criminal offense of feloniously receiving "watches, rifle and shotgun shells, cigarettes, money" of J. B. Harrill of the value of more than $100.00, well knowing that the same had been before then feloniously stolen, taken and carried away, contrary to the form of the statute in such cases made and provided, etc. G.S. 14-71.

When the case was called for trial, and before a plea was entered, defendant Max Tessnear, through his attorney, moved to quash the bill of indictment upon the ground that the bill of indictment contained no definite reference to the time the alleged offense was committed.

The motion was denied and defendant excepts.

Thereupon defendant entered a plea of not guilty to the bill of indictment.

The case was submitted to the jury upon the evidence introduced upon the trial — under the charge of the court.

The jury returned verdict of guilty of receiving stolen property knowing it to be stolen. Thereupon the court adjudged that defendant be confined in the State Prison at Raleigh to do hard labor for a period of not less than five years.

Defendant excepts thereto and appeals therefrom to Supreme Court, and assigns error.

*Attorney General Bruton, Assistant Attorney General, H. Horton Rountree, for the State.*
*Hamrick & Hamrick, for defendant appellant.*

WINBORNE, C.J.:   At the outset defendant contends and urges that the trial court erred in denying his motion to quash the bill of indictment, and in arrest of judgment, for that the bill contains no definite reference to the time the alleged crime was committed. In this connection, while it is true that the bill of indictment here contains no such date, this Court has uniformly held that when time is not of the essence of the offense leaving out the date does not make it defective. See *S. v. Peters,* 107 N.C. 876, 12 S.E. 74; *S. v. Francis,* 157 N.C. 612, 72 S.E. 1041; *S. v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745.

The crime of receiving stolen goods is not one of the offenses in which time is of the essence, G.S. 15-153 and G.S. 15-155. Indeed, as said by *Avery, J.,* in *S. v. Shade,* 115 N.C. 757, 20 S.E. 537, "Where the defendant thinks an indictment * * * fails to impart information sufficiently specific, as to the nature of the charge, he may before trial move the court to order that a bill of particulars be filed, and the court will not arrest the judgment after verdict where he attempts to reserve his fire until he takes first the chance of acquittal." Error here is not made to appear.

The defendant contends next that the trial court erred in refusing to grant his motion for nonsuit at the close of all the evidence. On such a motion the evidence is to be taken in the light most favorable to the State, and it is entitled to the benefit of every reasonable inference to be drawn therefrom. On such a motion the defendant's evidence, unless favorable to the State, is not to be taken into consideration, except when not in conflict with the State's evidence. It may be used to explain or make clear that which has been offered by the State. The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion

as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to a jury. See *S. v. Todd,* 222 N.C. 346, 23 S.E. 2d 47; *S. v. Holland,* 234 N.C. 354, 67 S.E. 2d, 272; *S. v. Smith,* 237 N. C. 1, 74 S.E. 2d 291.

There is evidence in the record tending to show that after the goods were taken from the Harrill store, the defendant bought them from persons responsible for the larceny, but not concerned in this appeal, and remarked, "You must have pulled a hot job somewhere," and that the value of the items taken from the Harrill store was $163.50. Therefore, applying the rule stated above, the defendant's motion for nonsuit was properly overruled. *S. v. Yow,* 227 N.C. 585, 42 S.E. 2d 661; *S. v. Brady,* 237 N.C. 675, 75 S.E. 2d 791.

However defendant next contends, and rightly so, that the trial court erred in its charge in that it did not explain to the jury that before they could convict the defendant of the crime charged, they must find beyond a reasonable doubt that the goods received by the defendant were of the value of more than one hundred dollars. In the bill of indictment the defendant was charged with a felony, that is, receiving goods of the value of more than one hundred dollars. G.S. 14-71 and G.S. 14-72. In order for the defendant to be found guilty under G.S. 14-71, it is incumbent upon the State to prove beyond a reasonable doubt that the value of the goods was more than one hundred dollars. This is an essential element of the crime because G.S. 14-72 specifically provides that "the receiving of stolen goods knowing them to be stolen, of the value of not more than one hundred dollars is hereby declared a misdemeanor.

It must be noted that the record fails to disclose that any of the goods were ever found in the defendant's possession, or that the defendant received all of the goods or just a part of them. The conclusion then is that the trial court erred when it failed to charge the jury on an essential element of the crime with which the defendant was indicted and stands convicted. The jury could have gotten the erroneous impression that the receiving of any of the stolen goods, knowing them to be stolen, was sufficient to convict the defendant. *S. v. Andrews, supra.*

Other assignments of error relate to matters which may not recur upon another trial. Hence they need not be discussed here.

For error pointed out, let there be a

New trial.