### STATE v. JOHN P. O'KEEFE.

(Filed 25 November, 1964.)

**1. Crime Against Nature § 2—**

Evidence of defendant's guilt of committing the crime against nature with another male person *held* sufficient to be submitted to the jury.

**2. Crime Against Nature § 1—**

In this jurisdiction crime against nature embraces sodomy, buggery, and bestiality as those offenses were known and defined at common law. G.S. 14-177.

**3. Crime Against Nature § 2—**

A bill of indictment charging a male defendant with committing "the abominable and detestable crime against nature with" a named male person on a specified date in a named county is sufficient, it not being required that the manner in which the offense was committed be set forth.

**4. Same—**

An indictment charging defendant with committing the crime against nature with a named pathic on a specified date permits the introduction of evidence that defendant committed two acts of· unnatural intercourse, one *per os* and the other *per anum*, during the single visit of the pathic to defendant's room, since the two acts were essentially parts of a single transaction, and the court correctly instructs the jury that proof of either act would be sufficient for conviction of the crime charged.

**5. Indictment and Warrant § 9—**

Two acts constituting essentially parts of a single transaction may be charged together as a single offense, and defendant is not entitled to complain that only one offense was charged even though each act would have been ground for a separate charge.

ON *certiorari* from *Mintz, J.,* February 1963 Session of ONSLOW.

*Attorney General Bruton, Assistant Attorney General Bullock and Staff Attorney Eugene A. Smith for the State.*
*Charles L. Abernethy, Jr., for defendant.*

MOORE, J. The bill of indictment charges that defendant "on the 25th day of December . . . one thousand nine hundred and 62 . . . at and in the County (Onslow) aforesaid, did unlawfully, wilfully and feloniously commit the abominable and detestable crime against nature with one Peter P. Howe, a male person. . . ."

The evidence for the State tends to show that on the date alleged defendant and Howe met in a bar, went to the former's motel room, drank beer and engaged in two acts of unnatural copulation, once *per*

*os* and once *per anum*. Defendant's motion for nonsuit was properly overruled.

Defendant pleaded not guilty, was found guilty by the jury, and was given an active prison sentence.

Defendant moves in arrest of judgment on the ground that the indictment is phrased in such general terms that it does not identify the offense charged, does not support the judgment, and will not protect the accused from being again put in jeopardy for the same offense.

Our statute provides that "If any person shall commit the abominable and detestable crime against nature, with mankind or beast, he shall be imprisoned in the State's prison not less than five nor more than sixty years." G.S. 14-177. In this jurisdiction crime against nature embraces sodomy, buggery and bestiality as those offenses were known and defined at common law. *State v. Griffin*, 175 N.C. 767, 94 S.E. 678. Because of the ancient origin of the offense and the uniformity of the practice in the courts with respect thereto, crime against nature has a well recognized meaning. ". . . A statute providing for the punishment of the abominable and detestable crime against nature is sufficiently descriptive of a crime known to the common law." 81 C.J.S., Sodomy, § 1, p. 368.

Requirements as to the form and content of bills of indictment charging crime against nature vary somewhat in the different jurisdictions, due to differing statutory provisions and court interpretations. The practice in North Carolina has been to charge the offense in the manner employed in the bill of indictment in the instant case. This is in accord with the practice at common law. See Archb. Cr. Pr. & Pl. 309; 2 Macclain on Criminal Law, § 1154, p. 317; Wharton's Precedents of Indictments and Pleas, Form 191, p. 209; 2 Chitty's Cr. Law, pp. 48-50. It was the practice to specifically allege the person with or against whom the offense was committed, by name or sex, but not the manner in which it was committed. An indictment which charges that defendant did unlawfully, wilfully and feloniously commit the infamous crime against nature with a particular man, woman or beast is sufficient. 2 Macclain on Criminal Law, § 1154, p. 317; 81 C.J.S., Sodomy, § 4, pp. 373, 374. ". . . in charging the crime of sodomy, because of its vile and degrading nature there has been some laxity of the strict rules of pleading. It has never been the usual practice to describe the particular manner or the details of the commission of the act." 48 Am. Jur., Sodomy, § 4, p. 551. According to Blackstone, the English law treated the offense in its indictments as unfit "to be named among Christians." IV Blackstone's Commentaries, p. 215. Our courts are no less sensitive than their English predecessors.

Certainly the defendant has little cause for complaint if the law is reluctant to spread upon the public record the revolting details of the offense. Where the defendant feels that he may be taken by surprise or that the indictment fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the court to order a bill of particulars to be filed. *State v. Tessnear,* 254 N.C. 211, 118 S.E. 2d 393; *State v. Shade,* 115 N.C. 757, 20 S.E. 537. Defendant does not claim surprise.

Defendant contends that his exception to the sufficiency of the indictment is supported by *State v. Callett,* 211 N.C. 563, 191 S.E. 27, and *State v. King,* 256 N.C. 236, 123 S.E. 2d 486. In *Callett* the substantive portion of the bill is, ". . . commit the abominable and detestable crime against nature." It does not name the pathic nor even allege whether with mankind or beast. The bill was quashed for failure to use the word "feloniously." The Court suggests that the bill might be defective for the further reason that it fails to bring the case within the description given in the statute. In the *King* case the indictment upon which the trial proceeded was held to be valid. A former bill had been quashed in superior court; it merely charged that defendant did "commit the abominable and detestable crime against nature." This former bill was not in question on appeal, but the Court commented that "such bill of indictment would not have supported a verdict in the form submitted and returned." The language of *Callett* and *King,* in which defendant finds comfort, is pure *dicta.* Besides, it does not deal with the questions here presented.

There is evidence in the record of two acts of unnatural intercourse, one *per os* and the other *per anum,* committed by defendant with Howe during the latter's visit to defendant's room. Defendant contends that the two acts constitute separate and distinct offenses and that the indictment, if otherwise valid, should have included only one of the offenses. On this reasoning, defendant complains that the judge erred in instructing the jury that proof of either act would be sufficient for conviction of the charge alleged.

"As a general rule the instructions should be confined to the issues made by the pleadings, and should not be broader or narrower than the indictment or information, and an instruction which is not based on, and in conformity with, the issue properly raised by the pleadings is generally erroneous, and may be properly refused. It has been held that the instructions should not . . . submit to the jury an offense not included in the indictment or information. It is erroneous to give instructions on issues not made by the pleadings . . . ; but, on the other hand, an instruction may be based on evidentiary facts, although

such facts are not alleged . . ." 23A C.J.S., Criminal Law, § 1311, pp. 759-761. "Although there is authority to the contrary, it has been held that where the indictments or information charges the offense conjunctively, the court must submit the question in conjunctive form, and it is error to submit the question in disjunctive form, except where the offense charged is essentially one transaction." *ibid,* p. 762.

Admittedly the two acts of unnatural intercourse might have been charged as separate offenses. But they were essentially parts of a single transaction, occurred during a single visit to defendant's room by Howe, and were components of a single continuous debauch. That the State subjected defendant to one criminal penalty instead of two is certainly not prejudicial to defendant. The bill of indictment alleges the time and place of the offense and the identity of the pathic. This indictment provides protection from any further prosecution of defendant on account of any unnatural sex acts between him and Howe which might have occurred within the time and place alleged.

"Acts entering into a single and continuous transaction may be charged together as a single offense." 42 C.J.S., Indictments and Informations, § 164, p. 1117; *State v. Sherman,* 107 P. 33 (Kan.). Where a single offense may be committed by several means, it may be charged in a single count if the ways and means are not repugnant and are component parts of one transaction. *State v. Laundy,* 204 P. 958 (Ore.). Proof of any one means will support conviction. *United States v. Otto,* 54 F. 2d 277 (C.C. 2d). And an instruction to this effect is not error. *State v. Davis,* 203 N.C. 47, 53, 164 S.E. 732.

We have examined and fully considered each of defendant's exceptions and we find no prejudicial error.

No error.