### STATE v. FRANK WALLACE.

(Filed 19 April, 1967.)

**1. Larceny § 10;　Criminal Law § 137—**

A plea of guilty of receiving stolen property knowing it to have been stolen is insufficient to support a felony sentence, even though the indictment charges defendant with receiving stolen goods having a value of more than $200. If there should be a correction of the record proper by appropriate proceedings so as to show that defendant pleaded guilty as charged, the court could then enter a felony sentence.

**2. Criminal Law § 151—**

The record proper and not the case on appeal controls.

APPEAL by defendant Frank Wallace from *McLaughlin, J.,* November 28, 1966 Session of STANLY.

Frank Wallace, the appellant, referred to hereafter as defendant, and Samuel Monroe Wilson, alias Coy Scarboro, and Robert M. Greer, were indicted jointly in a three-count bill. The third count charged in substance that defendants received described stolen property of one John Cranford, d/b/a Richfield Farm Supply, of the value of more than $200.00, with knowledge it had been stolen and with felonious intent.

In the record on appeal, the following (presumably an excerpt from the minutes) is quoted:

"The defendant through court-appointed counsel, R. L. Brown, Jr., entered a plea of guilty of receiving stolen property knowing it to have been stolen.

"Let the defendant be confined to the State Prison for a period of 10 years."

Defendant excepted, assigning as error that the sentence of ten years was "cruel and unusual punishment" and therefore violative of his constitutional rights.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Richard L. Brown, Jr., for defendant appellant.*

PER CURIAM. Defendant's plea, "guilty of receiving stolen property knowing it to have been stolen," is insufficient to support the judgment.

"In the bill of indictment the defendant was charged with a felony, that is, receiving goods of the value of more than one hundred dollars. G.S. 14-71 and G.S. 14-72. In order for the defendant to be found guilty under G.S. 14-71, *it is incumbent upon the State* to prove beyond a reasonable doubt that the value of the goods was more than one hundred dollars. *This is an essential element of the crime* because G.S. 14-72 specifically provides that 'the receiving of stolen goods knowing them to be stolen, of the value of not more than one hundred dollars is hereby declared a misdemeanor.'" (Our italics.) *S. v. Tessnear,* 254 N.C. 211, 214, 118 S.E. 2d 393, 394-395. G.S. 14-72 was amended by Chapter 39, Session Laws of 1961, so as to provide, in pertinent part, that "(t)he larceny of property, or the receiving of stolen goods knowing them to be stolen, of the value of not more than *two* hundred dollars," is declared a misdemeanor. (Our italics.)

We are advertent to the fact that the case on appeal sets forth that defendant tendered and the State accepted "a plea of guilty on the third count, that is, receiving stolen goods knowing them to have been feloniously stolen." However, the record proper, not the case on appeal, controls. *S. v. Truesdale,* 125 N.C. 696, 34 S.E. 646; *Bartholomew v. Parrish,* 190 N.C. 151, 129 S.E. 190.

Upon the record before us, defendant's plea is insufficient to support the judgment. Hence, the judgment is vacated and the cause is remanded for a new judgment.

Any judgment pronounced upon defendant's plea of guilty as presently recorded must be as upon conviction of a misdemeanor. If there should be a modification and correction of the record proper by appropriate proceedings (1 Strong, Criminal Law § 137; *S. v. Arthur,* 246 N.C. 690, 99 S.E. 2d 918) so as to show that defendant, at said November 28, 1966 Session, pleaded guilty *as charged in the third count* of the bill of indictment, in such event the case would be for the pronouncement of judgment as upon conviction of a felony.

Error and remanded.