STATE OF NORTH CAROLINA v. JOHNNY STOKES, JR.

(Filed 15 May 1968.)

**1. Crime Against Nature § 2—**

A bill of indictment charging a male defendant with committing "the abominable and detestable crime against nature, to wit: male and male"

on a specified date in a named county is sufficient, it not being required that the name of the person with whom the defendant participated be set forth.

**2. Same—**

The practice in this State has been to charge the offense of crime against nature in language closely following the wording of the statute, G.S. 14-177, and where defendant feels that he may be taken by surprise or that the indictment fails to impart information sufficiently specific as to the nature of the charge, he may move for a bill of particulars.

**3. Crime Against Nature § 1—**

In this jurisdiction crime against nature embraces sodomy, buggery and beastiality as those offenses were known and defined at common law.

APPEAL by defendant from *Bailey, J.,* at the October 1967 Criminal Session of WILSON Superior Court.

The bill of indictment under which defendant was tried provides as follows:

"The Jurors for the State upon their oath present, that Johnny Stokes, Jr., late of the County of Wilson, on the 10th day of September, in the year of our Lord one thousand nine hundred and sixty-seven, with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously did commit the abominable and detestable crime against nature, to wit: male and male, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The defendant was represented in the Superior Court and is represented in this Court by his court-appointed counsel. When the case was called for trial, the defendant tendered a plea of *nolo contendere,* which plea was accepted by the Solicitor.

The trial court entered judgment ordering that the defendant be confined to the state prison for a term of not less than eight nor more than ten years. From said judgment, defendant, through counsel and in open court, gave notice of appeal to the Court of Appeals.

Thereafter, defendant, through counsel, filed a motion in arrest of judgment. The trial court denied the motion, defendant excepted and appealed to this Court.

*T. Wade Bruton, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*

*Gardner, Connor & Lee by D. M. Connor, attorney for defendant appellant.*

BRITT, J.  Defendant's sole assignment of error is as follows:

"That His Honor, James H. Pou Bailey, erred in not allowing the motion in arrest of judgment for the reason that it appears from the indictment that the indictment fails to state the name of the person with whom the defendant participated in the crime alleged in the indictment."

In his brief, defendant cites and quotes at length from *State v. Partlow*, 272 N.C. 60, in which our Supreme Court declared:

". . ., that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. (Authorities cited)."

At the same time, defendant concedes that under *State v. O'Keefe*, 263 N.C. 53, 138 S.E. 2d 767, the indictment charging the offense of crime against nature does not have to allege the details of the offense with particularity.

The State relies very heavily on *State v. O'Keefe, supra,* and insists that the indictment in the case at bar was sufficient.

While it would have been preferable for the Solicitor to have included in the indictment the name of the person who was either the co-partner in or victim of the offense, we hold that in this case failure to do so did not render the indictment fatally defective.

Requirements as to the form and content of bills of indictment charging crime against nature vary somewhat in the different jurisdictions, due to differing statutory provisions and court interpretations. The practice in North Carolina has been to charge the offense in language which closely follows the wording of the statute. *State v. O'Keefe, supra.* In this jurisdiction, crime against nature embraces sodomy, buggery, and beastiality as those offenses were known and defined at common law. *State v. O'Keefe, supra; State v. Griffin,* 175 N.C. 767, 94 S.E. 678.

In charging the offense of crime against nature, because of its vile and degrading nature, there has been some laxity of the strict rules of pleading. It has never been the usual practice to describe the

particular manner or the details of the commission of the act. *State v. O'Keefe, supra.*

Our statute, G.S. 14-177, now provides:

> "If any person shall commit the crime against nature, with mankind or beast, he shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court."

In *State v. Callett*, 211 N.C. 563, 191 S.E. 27, a case involving crime against nature, the bill of indictment did not state the name of the person with whom the defendant participated in the crime alleged; in fact, it did not state whether the offense involved man or beast. Our Supreme Court declared that the bill of indictment was fatally defective but for the reason that it did not contain the word "feloniously."

If the name of the co-partner or victim in offenses between human beings is required, what designation of the beast would be required if the offense is between man and beast?

Appropriate to this case is the following paragraph from *State v. O'Keefe, supra:*

> "Certainly the defendant has little cause for complaint if the law is reluctant to spread upon the public record the revolting details of the offense. Where the defendant feels that he may be taken by surprise or that the indictment fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the court to order a bill of particulars to be filed. *State v. Tessnear*, 254 N.C. 211, 118 S.E. 2d 393; *State v. Shade*, 115 N.C. 757, 20 S.E. 537."

Defendant did not move for a bill of particulars in this case.

We find no merit in the defendant's assignment of error, and the judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.