## THE STATE *v.* NOAH SPRINKLE.

A misrecital of the proper County in the caption of an indictment furnishes no ground for arrest of judgment.

*Semble.* Such an indictment would have been sufficient before the act, Rev. Code, chap. 35, sec. 14, *State* v. *Warden,* N. C. 163.

Motion to arrest judgment on an indictment for an assault and battery with a deadly weapon heard before *Mitchell, J.,* at Spring Term, 1871, of WILKES Superior Court.

The facts of this case sufficiently appear in the opinion of the Court.

*Attorney General,* for State.
*Armfield,* for the defendant.

BOYDEN, J. At the Spring Term, of the Superior Court of WILKES, 1870, the defendant with others was indicted in the following words and figures:

"STATE OF NORTH CAROLINA,
    "Iredell County.
                "SUPERIOR COURT, Spring Term, 1870.
    "The jurors for the State on their oath present that Noah Sprinkle, Wiley Myers and Mack Lynch, late of said County of WILKES, on the first day of March, in the year of our Lord one thousand eight hundred and seventy, with force and arms in the County aforesaid, in and upon the body of Moses Cockerham, an assault with deadly weapons did make, and him the said Moses Cockerham, then and there did beat, wound and ill treat to the great damage of him the said Moses; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The record shows, that at the Spring Term, 1870, of the Superior Court of WILKES, a bill of indictment in the words

and figures above stated was sent to a regular grand jury of the said County, and that the same was returned into Court, endorsed a "true bill," with the name of the foreman, D. A. Leach signed thereto. Upon this indictment the defendant, Sprinkle was convicted: but upon motion of defendant's counsel his Honor arrested the judgment on account of the clerical mistake of the word Iredell in the caption.

There was error in ordering the arrest of judgment. We think this indictment would have been good before the act, Revised Code, chap. 35, sec. 20; State v. Warden, N. C. 163, but however that may be, we are clearly of opinion that this defect after verdict, is cured by the said statute. This will be certified that the Court may proceed to judgment agreeable to Law.

PER CURIAM.                                                        Error.