## THE STATE v. LLOYD ARNOLD.

*Homicide—Indictment.*

1. The word "wilfully" is not essential to the validity of an indictment for murder, neither at common law nor under chapter 58, Acts 1887. *State* v. *Kirkman*, 104 N. C., 911, and *State* v. *Harris*, 106 N. C., 682, cited and approved.
2. Forms of indictment for murder and manslaughter approved.

This was an Indictment for Murder, tried before *Whitaker, J.*, at Spring Term, 1890, of WASHINGTON Superior Court.

The indictment was in the following words:

"The jurors for the State, upon their oaths, present that Lloyd Arnold, late of the county of Washington, on the 9th day of June, 1889, at and in said county, with force and arms, in and upon one Sarah Arnold, then and there, in the peace of God and the State being, unlawfully and feloniously did make an assault, and the said Lloyd Arnold, then and there, the said Sarah Arnold, unlawfully, feloniously and of his malice aforethought, did kill and murder, contrary to the statute in such case made and provided, and against the peace and dignity of the State."

The defendant was convicted of manslaughter, and moved in arrest of judgment, on the ground that "the indictment failed to allege that the killing and murder was done 'wilfully,' as required by chapter 58, Acts 1887." The motion was overruled, and defendant excepted. Sentence having been pronounced on the verdict, the defendant appealed.

*The Attorney General*, for the State.
No counsel for defendant.

CLARK, J.: The books of Forms and Precedents usually insert the word "wilfully," and sometimes the word "unlaw-

fully," before the words "feloniously and with malice afore-thought" in indictments for murder. While there are numerous decisions that the words "feloniously," "with malice aforethought" and "murder" are essential to the validity of such indictments, and that their place cannot be supplied by the use of any other, it is not so as to the words "wilfully" and "unlawfully." 1 Hale P. C., 466; Heydon's case, 4 Co., 41a; 2 Bish. Cr. Pr., 546. Indeed, it has been expressly held that the latter words are not necessary, the reason assigned being that, unlike the other words above quoted, "wilfully" and "unlawfully" are not "sacramental words." *State* v. *Harris*, 27 La. Ann., 572. The real reason, however, probably, as suggested by Mr. Bishop (2 Crim. Prac., 543, 547), is not that there is any magic quality in one set of words and not in others, nor because they have no synonyms (as has been sometimes held), but because by the Statute 1 Edward VI (enacted 1547) benefit of clergy was taken away from those convicted of murder committed "feloniously and of malice aforethought" (omitting the additional word "wilfully," which had been used in the prior statute of 23 Henry VIII), and since, and by virtue of that act, murder has been a capital felony. Being an act increasing the punishment, the Courts have always restricted the capital felony to those homicides which were charged, in the exact language of the statute, as committed " feloniously and of malice aforethought." "Wilfully" is mere sur-plusage.

Aside from this, the words "wilfully and unlawfully" are tautological, for murder, which is done "feloniously and with malice aforethought," must necessarily be committed "wilfully and unlawfully," and is "wilful murder of malice prepense," under *The Code*, § 1057. The defendant, upon this bill of indictment, well knew he was charged with the "wilful" slaying of the deceased, and has been put to no disadvantage.

. Chapter 58, Acts 1887, does not *require*, as defendant's motion premises, any set words to be used. The act is a substantial copy of 24 and 25 Victoria, ch. 100, and its object is correctly set out in the caption, "An act to simplify indictments." It creates no new offence. It declares an indictment containing certain words "sufficient," but it does not make those words essential, nor by any reasonable construction can it be held to make technical and "sacramental" words which were not theretofore necessary in indictments for murder. To so construe the act would make essential, likewise, the words '' with force and arms," which have not been requisite in indictments for any offence whatever for three centuries and a half, having been abolished by 37 Henry VIII. *State* v. *Harris*, 106 N. C., 682. It would also probably make essential the usual concluding words of an indictment which have been held immaterial in *State* v. *Kirkman*, 104 N. C., 911, and other similar matters which are customary and formal parts of an indictment, but which by legislation and numerous decisions are not requisite to its validity. . *The Code*, § 1183, and decisions thereunder. We cannot think that such is the purport or the intent of the act. The motion in arrest of judgment was properly overruled. Indeed, the indictment in this case contains some surplusage and allegations not necessary to be made, but the essential matters are properly charged. As it may be desirable to settle what are the indispensable requisites of such indictments, it is proper to say that under the decisions and statutes the following is full and sufficient in the body of an indictment for murder: "The jurors for the State on their oaths present that A. B., in the county of E., did feloniously, and of malice aforethought, kill and murder C. D."

And it is sufficient in an indictment for manslaughter to follow the same form, omitting the words " and with malice aforethought" and substituting "slay" in the stead of the

word "murder." These forms contain, in the words of the statute, "every averment necessary to be proved."

Such, in substance, are the forms recognized as valid in England for many years past, under the above cited statute of Victoria 24 and 25, from which our act of 1887 is taken. Time not being of the essence of these crimes, "the omission to charge any date" is immaterial (*The Code*, §§ 1189 and 1183), though the allegation of time can do no harm. It is only when time is of the essence of the offence that it was ever required to prove the date as charged, and hence, it is only in those cases that the omission to charge it could deprive the defendant of any benefit or information. *State* v. *Peters, post.*

While every indictment properly should have a caption, it is no part of the indictment, and its omission is no ground for arresting judgment, as has been often held. *State* v. *Wasden*, N. C., Term R, 163 (596); *State* v. *Brickell*, 1 Hawks, 354; *State* v. *Lane*, 4 Ired., 113; *State* v. *Dula*, Phil., 437. Nor would a misrecital of the county in the caption be ground of arrest of judgment. *State* v. *Sprinkle*, 65 N. C., 463. It is regular and orderly for the bill to be signed by the Solicitor, but such signing is not essential to its validity. *State* v. *Mace*, 86 N. C., 668; *State* v. *Cox*, 6 Ired., 440.

The power of the Legislature to prescribe the form of indictment for murder is upheld in *State* v. *Moore*, 104 N. C., 743, and *State* v. *Brown*, 106 N. C., 645, which are cited and approved.

*Per Curiam.* No error.