STATE v. JAMES FRANCIS.

(Filed 13 December, 1911.)

**1. Judgment—Motion in Arrest—Conviction—Indictment.**

A motion in arrest of judgment will not be allowed after conviction, for the reason that a bill of indictment charging the unlawful manufacture and sale of spirituous, etc., liquors did not state the date of the commission of the alleged offense or the county in which it had been committed.

**2. Same—Defects in Bill.**

To sustain a motion in arrest of judgment after verdict for defects in the indictment, it must appear ·that the bill is so defective that a judgment cannot be pronounced upon a verdict thereunder.

**3. Same—Captions of Bill.**

An omission in the caption of a bill of indictment cannot be a ground for arresting a judgment under the indictment, for the caption is not a part of the bill in this sense.

**4. Judgment—Motion in Arrest—Conviction — Indictment—Allegations—Term of Court—Procedure.**

Omitting to state the term of the court in which a true bill is found is not a sufficient ground upon which to sustain a motion in arrest of judgment; especially so when from the record it appears at what term the bill was returned.

**5. Judgments—Motion in Arrest — Indictment—Allegations — Time of Offense.**

Time is not of the essence of the offense charged in a bill of indictment, and the failure of the bill to allege it is not a defect upon which the judgment will be arrested after verdict.

**6. Judgment—Motion in Arrest—Statutory Period—Instructions—Burden of Proof.**

When for conviction it is necessary to show the offense was committed within two years, the burden is upon the State to show it, which may be taken advantage of by the prisoner by a special request for instructions, and not by a motion in arrest of judgment after verdict.

APPEAL from *Long, J.,* at July Term, 1911, of McDOWELL.

Indictment for unlawfully manufacturing spirituous liquors.

There was a verdict of guilty. After verdict, defendants moved in arrest of judgment. The bill is as follows:

STATE OF NORTH CAROLINA—........County.
Superior Court, ........Term, 191..

The jurors for the State, upon their oaths, do present, That Jim Francis, Loge Francis, Ben Francis, late of the county of ......., on the...day of ....., with force and arms, at and in the county aforesaid, unlawfully and willfully manufacture and make spirituous liquors, against the form of the statute in such case made and provided and against the peace and dignity of the State.                    JOHNSON, Solicitor.

No. 70—State v. Jim Francis, Loge Francis, Ben Francis. Indictment, making liquor.   Witnesses: Alexander Crawley,* J. A. Lughridge,* J. P. Ray.*

Those marked * sworn by the undersigned, foreman, and examined before the grand jury, and this bill found "A true bill."
                          C. C. BURGIN,
                    Foreman of the Grand Jury.

This bill was returned into open court at February Term, 1911, by C. C. Burgin, foreman of the grand jury.
                    THOMAS MORRIS, C. S. C.

The court overruled the motion and pronounced judgment. Defendants appealed.

Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for State.
D. F. Morrow for defendant.

BROWN, J.  It is much the best that solicitors should fill in the blanks in the printed forms of indictment.  It expedites the administration of the criminal law and prevents such appeals as this.

Had the defendant moved to quash this bill or for a bill of particulars to supply him with any needed information, it is probable the one motion or the other would have been allowed. The defendant has not been taken at any disadvantage, for he allowed the trial to proceed and attacked the bill only after he had been convicted.  To arrest the judgment it must appear that the bill is so defective that judgment cannot be pronounced upon it.

The fact that the county in which the bill of indictment was found does not appear in the caption of the indictment does not constitute ground for arresting the judgment. *S. v. Warden,* 4 N. C., 596; *S. v. Brickell,* 8 N. C., 354; *S. v. Lane,* 26 N. C., 121; *S. v. Dula,* 61 N. C., 441; *S. v. Sprinkle,* 65 N. C., 463; *S. v. Williamson,* 81 N. C., 541; *S. v. Arnold,* 107 N. C., 864.

The caption is no part of the indictment, and its omission is no ground for arresting judgment. *S. v. Arnold,* 107 N. C., 864, and cases cited.

The term of the court being a part of the caption of the bill, the failure to insert it is no ground for arresting judgment.

Besides, the records of the Superior Court of McDowell County, embodied in the transcript of appeal sent to this Court, show that the bill was returned a true bill at February Term, 1911.

Time is not of the essence of the offense charged in the bill, and it was not necessary to allege the time at which the offense was committed. Revisal, 3255. *S. v. Caudle,* 63 N. C., 30; *S. v. Taylor,* 83 N. C., 601; *S. v. Peters,* 107 N. C., 876.

The burden of proof is on the State to show that the offense was committed within two years, and a failure to make such proof should be taken advantage of by the defendant by a request to instruct the jury. *S. v. Carter,* 113 N. C., 630; *S. v. Holder,* 133 N. C., 709.

The bill, while defective in form, is sufficient to sustain the judgment of the court.

Affirmed.