STATE v. WILLIAM HENRY DAVIS.

(Filed 11 April, 1945.)

**1. Indictment § 7—**

The caption is no part of a bill of indictment, and its omission or its recital of the wrong county does not constitute ground for arrest of judgment. G. S., 15-155.

**2. Criminal Law § 53a—**

A charge must be construed contextually.

**3. Homicide § 11—**

The right of self-defense is available only to a person who is without fault, and if one voluntarily, that is aggressively and willingly, without legal provocation or excuse, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight and withdraws from it, and gives notice to his adversary that he has done so.

APPEAL by defendant from *Bobbitt, J.,* at November Term, 1944, of ROWAN.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*
*Walter H. Woodson and C. P. Barringer for defendant, appellant.*

SEAWELL, J. This defendant was tried in the Superior Court of Rowan County, upon a bill of indictment charging him with murder. At the time the prisoner was brought to trial, the solicitor announced that he would not ask for a verdict of murder in the first degree, but for a verdict of murder in the second degree or manslaughter, as the evidence warrants. The defendant was convicted of manslaughter, and was sentenced to State's Prison at Raleigh for a period of not less than five nor more than ten years, and appealed.

Out of several exceptions taken by the defendant during the course of the trial, the appeal presents two questions which merit attention:

1. It appears that the bill of indictment upon which the defendant was tried in Rowan Superior Court was, for some unexplained reason, captioned:

"STATE OF NORTH CAROLINA               SUPERIOR COURT
RANDOLPH COUNTY                         SEPTEMBER TERM, 1944."

The defendant did not move to quash the indictment or except to the jurisdiction of the court when put upon trial, but, at the conclusion of the trial, made a motion in arrest of judgment upon the ground that the caption of the indictment "shows upon its face the words 'Randolph County' and the language of the bill alleges a crime committed in Rowan County." Defendant therefore contends that in the absence of any order of removal or change of venue, the case could not legally be tried in Rowan County.

The record discloses that, in point of fact, the bill of indictment was found in Rowan County by a grand jury drawn for that county, and the question either of jurisdiction or of venue is not well taken. The situation, unusual as it is, is not without precedent, or judicial determination. In *S. v. Sprinkle,* 65 N. C., 463, a bill of indictment contained the words "Iredell County" in the caption. In the body of the bill it was charged that the offense was committed in Wilkes County. The record of the case, however, showed that the bill of indictment was found by a regular grand jury for Wilkes County, and was returned in court a true bill. The defendant was convicted, and upon motion of defendant's counsel, judgment was arrested on account of the appearance of the word "Iredell" in the caption instead of the proper name of the

county, "Wilkes." The Court said: "There was error in ordering the arrest of judgment. We think this indictment would have been good before the act, Rev. Code, ch. 35, sec. 20; *State v. Wasden,* 4 N. C., 596; but however that may be, we are clearly of opinion that this defect after verdict is cured by the said statute. This will be certified that the Court may proceed to judgment agreeable to law." The statute referred to is now G. S., 15-155. See annotation.

A somewhat similar situation occurred in *S. v. Francis,* 157 N. C., 612, 72 S. E., 1041, where the name of the county in which the offense was alleged to have been committed did not appear in the caption of the indictment, and the Court said: "The fact that the county in which the bill of indictment was found does not appear in the caption of the indictment does not constitute ground for arresting the judgment. . . . The caption is not part of the indictment and its omission is no ground for arresting judgment." See *S. v. Arnold,* 107 N. C., 861, 864, 11 S. E., 990.

2. The defendant excepted to the following instruction: "The Court instructs you as to this further principle: The right of self-defense is available only to a person who is without fault, and if a person voluntarily, that is, aggressively and willingly, without legal provocation or excuse, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight and withdraws from it, and gives notice to his adversary that he has done so."

This is a correct statement of the law applicable to a phase of the evidence too prominent to be ignored. A witness for the State testified: "Bill Davis and Tom Barber began to scuffle, and a few licks was passed, and Bill Davis shot Tom Barber, and then Tom Barber charged in on Bill and cut him and fell to the floor on his face . . . I do not know exactly how many licks were passed between Will and Tom, but three or four, each striking the other."

A different and contradictory statement of the occurrence was given by the defendant, with supporting testimony. But the instructions immediately preceding the exceptive bracket were ample as applied to his evidence, and we cannot find that he was prejudiced because a more meticulous form of instruction was not employed. Contextually, the charge is sufficient. *S. v. Hunt,* 223 N. C., 173, 25 S. E. (2d), 598; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Elmore,* 212 N. C., 531, 193 S. E., 713.

Other exceptions taken have been considered, but are not regarded as meritorious.

We find

No error.