STATE OF NORTH CAROLINA vs. LARRY LAMONT BAILEY

No. 7121SC512

(Filed 25 August 1971)

1. Criminal Law § 161— identification testimony — review on appeal — necessity for objection

Where defendant made no objection to the identification testimony of the prosecuting witness and made no request for a *voir dire* hearing on the validity of the pretrial identification, the defendant is precluded from raising the question of identification on appeal.

2. Robbery § 4— common law robbery — setting aside the verdict

The trial court in a prosecution for common law robbery acted within its discretion in denying defendant's motion to set aside the verdict as being against the greater weight of the evidence.

3. Criminal Law § 162— exclusion of testimony — review on appeal

The appellate court cannot rule on the exclusion of testimony where there is nothing in the record to show what the excluded testimony would have been.

4. Criminal Law § 167— prejudicial error — burden of proof

The burden is upon the defendant to establish prejudicial error in the trial.

APPEAL by defendant from *Lupton, Judge,* 10 February 1971 Session of Superior Court held in FORSYTH County.

Defendant was tried on a bill of indictment charging him with common law robbery on 17 November 1970, wherein he was charged with taking $85.00 from Raymer M. Sales, Trading as Kay's Cleaners. The defendant entered a plea of not guilty. The jury returned a verdict of guilty as charged, and from a sentence of imprisonment for not less than eight years nor more than ten years, the defendant appealed.

The record discloses that on the afternoon of 17 November 1970, Patricia Vaughn was employed at Kay's Cleaners as a clerk and cashier. On this occasion Patricia Vaughn was alone in the front office and the defendant and a companion entered. The defendant gave her $1.00 and asked if she could change it. Patricia Vaughn told him that she could and opened the cash register, put the $1.00 in and handed the defendant the change. At this point the defendant grabbed her wrists and held them while the companion extracted $85.00 from the cash register. The defendant and his companion then ran. Patricia

Vaughn, as a witness for the State, positively identified the defendant as the person who held her wrists while his companion took the money. Another employee, who was in the back portion of the building, positively identified the companion who was tried under a similar bill of indictment at the same time as the defendant.

The defendant denied any connection with the robbery and offered evidence consisting of a time clock record and testimony of co-workers indicating that he was at work several miles away when the alleged robbery took place.

A clear, factual situation was presented to the jury. The trial judge gave adequate instructions to the jury as to the law and the duty of the jury in determining the facts. No exception was taken to the charge of the trial judge.

*Attorney General Robert Morgan and Assistant Attorney General R. S. Weathers for the State.*

*R. Lewis Ray for the defendant appellant.*

CAMPBELL, Judge.

This appeal presents three questions: (1) error in permitting Patricia Vaughn to identify the defendant as the one who grabbed and held her wrists while his companion extracted the money from the cash register; (2) error in denying defendant's motion to set aside the verdict as being against the greater weight of the evidence; and (3) error in sustaining an objection by the State to a question seeking to establish inconsistent prior testimony given by Patricia Vaughn at the preliminary hearing.

[1] The first question raised by the defendant is not properly presented in this record. No objection was made to the identification of the defendant by Patricia Vaughn, and no request was made for a *voir dire* examination to develop the facts as to whether or not a pre-trial identification was properly conducted, and if not, whether such tainted identification carried over to the in-court identification. Counsel for the defendant, in his brief, with frankness and candor, answers this question as follows:

" . . . [T]his defendant is not entitled to have this issue reviewed on appeal in the manner in which this issue is raised. . . . "

The case of *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970), is ample authority to deny any error presented in this first question.

[2]   With regard to the second question presented, while the evidence on behalf of the State and of the defendant was in sharp conflict, nevertheless, the evidence on behalf of the State was adequate and sufficient to go to the jury. The jury, as the triers of the facts, found the facts in favor of the State and contrary to the version of the defendant. The defendant is bound by the jury verdict, and no abuse of discretion has been shown in the failure of the trial court to set the verdict aside. *State v. Mitchell,* 6 N.C. App. 755, 171 S.E. 2d 74 (1969).

The third question presented by this appeal is not properly supported by the record. The defendant asked a question of the co-defendant as follows:

"Q. Did you hear the testimony of Mrs. Patricia Vaughn at the preliminary hearing on November—that date was December 28, 1970? Do you recall what her testimony was?

OBJECTION. SUSTAINED. EXCEPTION. . . . "

[3, 4]   There is nothing in the record to indicate what the answer to this question would have been. In the absence of any answer in the record, it is impossible for an appellate court to ascertain whether the defendant was prejudiced by the action of the trial court in sustaining the objection interposed by the State. The burden is upon the defendant to establish prejudicial error in the trial. This he has failed to do. *Newbern v. Hinton,* 190 N.C. 108, 129 S.E. 181 (1925); *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265 (1955); and *Westmoreland v. R.R.,* 253 N.C. 197, 116 S.E. 2d 350 (1960).

All questions presented by this appeal have been carefully considered, and we find

No error.

Chief Judge MALLARD and Judge HEDRICK concur.