STATE OF NORTH CAROLINA v. CLYDE ROYALL

No. 7223SC167

(Filed 26 April 1972)

1. **Automobiles § 126; Criminal Law § 169— drunken driving — statements by defendant — denial of cross-examination**

   In this prosecution for drunken driving, defendant failed to show that he was prejudiced when the court sustained the State's objections to two questions asked on cross-examination of the arresting officer concerning statements made by defendant at the time of his arrest, where (1) no general prohibition of this line of questions was imposed and defendant's counsel was successful in soliciting considerable evidence as to such statements made by defendant, and (2) the record does not show what the answers of the witness would have been had he been permitted to answer.

2. **Automobiles § 126— drunken driving — observations of breathalyzer operator**

   In this prosecution for drunken driving, the trial court did not err in permitting a breathalyzer operator to express his opinion as to defendant's condition based on his observation of and conversation with defendant apart from the results of the test.

State v. Royall

**3. Criminal Law § 166— abandonment of assignment of error**

An assignment of error is deemed abandoned where appellant's brief contains no reason or argument and cites no authority in support thereof. Court of Appeals Rule 28.

**4. Criminal Law § 88— cross-examination of State's witnesses — restrictions**

The trial court did not commit prejudicial error in sustaining the State's objections to certain questions asked by defendant's counsel in cross-examining the State's witnesses in a drunken driving prosecution, where the record discloses that defendant's right to cross-examine the witnesses against him was not unduly restricted, and nothing in the record suggests that the verdict was in any way improperly influenced by such limitations as were imposed by the trial court.

**5. Automobiles § 126— drunken driving — irrelevancy of testimony**

In a prosecution for drunken driving, opinion testimony by a defense witness as to whether one of the horses ridden by defendant some one and a half to two hours prior to his arrest was "meaner to ride than the others" was not relevant to the determination of whether defendant was under the influence of intoxicants at the time of his arrest.

**6. Automobiles § 126— drunken driving — testimony admitted without objection — recapitulation — inconsistency with court's ruling**

Where a highway patrolman testified without objection in a drunken driving prosecution that defendant, following his arrest, "stated he had had a drink or two," the trial court did not commit prejudicial error in instructing the jury that the patrolman testified "that the defendant said he had had a drink or two," notwithstanding the court's mention of such testimony was somewhat inconsistent with the court's ruling after a *voir dire* examination that the patrolman could not testify as to whether defendant had volunteered any information "on what he had been drinking on this occasion."

**7. Automobiles § 129— breathalyzer result — presumption — instructions**

In this prosecution for drunken driving, the trial court correctly instructed the jury that, despite the presumption created by G.S. 20-139.1 from a breathalyzer test result of .15, the jury was at liberty to acquit the defendant if it should find that his guilt was not proven beyond a reasonable doubt.

**8. Criminal Law § 116— failure of defendant to testify — instructions — absence of request**

Absent a special request, the trial judge is not required to instruct the jury that a defendant has the right to elect to testify or not to testify and that his failure to testify does not create any presumption against him.

**9. Indictment and Warrant § 7— caption — wrong county**

There is no merit in defendant's contention that the judgment against him for drunken driving must be arrested because the bill

of indictment on which he was tried is captioned, "State of North Carolina, Forsyth County," while the body of the bill charges that the offense was committed in Alleghany County, since (1) an addendum to the record on appeal shows that the indictment was found and returned in open court as a true bill in Alleghany County by a grand jury composed of citizens of that county and (2) the caption is not part of the indictment, and its recital of the wrong county does not constitute ground for arrest of judgment.

APPEAL by defendant from *Crissman, Judge,* September 1971 Session of Superior Court held in ALLEGHANY County.

Defendant was indicted for the offense of driving a motor vehicle upon the public highways of Alleghany County while under the influence of intoxicating liquor. A first trial resulted in a verdict of guilty, sentence, and appeal to the Court of Appeals, which ordered a new trial. *State v. Royal,* 7 N.C. App. 559, 172 S.E. 2d 901. A second trial also resulted in a verdict of guilty, and from judgment imposed defendant again appeals.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Arnold L. Young and Franklin Smith for defendant appellant.*

PARKER, Judge.

[1] Appellant's first assignment of error, based on his first two exceptions, is that the trial judge erred in sustaining the State's objections to two questions asked on cross-examination of the arresting officer concerning statements made by defendant at the time of his arrest. On the earlier appeal of this case this Court held that defendant should be permitted to cross-examine the officer regarding such statements, "if for no other purpose than to attempt to show that defendant talked intelligently and was in control of his mental faculties." On the present appeal the record shows that on the retrial defendant's counsel was successful in eliciting by cross-examination considerable evidence as to such statements made by defendant. In only two instances were his inquiries in this regard limited by the trial court's sustaining objections interposed by the State. No general prohibition to this entire line of questions was imposed as had occurred on the first trial which was the subject of the first appeal to this Court. The present record does not disclose what the witness's answers would have been had

State v. Royall

he been allowed to answer the two questions as to which the State's objections were sustained on the second trial. In the absence of any answers in the record, it is impossible for an appellate court to ascertain whether defendant was prejudiced by the action of the trial court in sustaining the objections interposed by the State. *State v. Bailey,* 12 N.C. App. 280, 182 S.E. 2d 881. In view of this fact and in view of the fact that defendant's counsel was not unduly restricted on the second trial in cross-examining as to statements made by defendant at the time of his arrest, we hold that appellant has failed to demonstrate prejudicial error in connection with his first assignment of error.

[2, 3] Appellant's second assignment of error is that the court erred in permitting the breathalyzer operator to express his opinion as to defendant's condition based on his observation of and conversation with the defendant apart from the results of the test. In this there was no error. The witness had ample opportunity to observe defendant and to arrive at an informed opinion as to his condition. In addition, appellant's brief contains no reason or argument and cites no authority in support of his second assignment of error, and it is taken as abandoned by him. Rule 28, Rules of Practice in the Court of Appeals.

[4] Appellant's third, fifth and sixth assignments of error are all directed to the trial judge's actions in sustaining the State's objections to certain questions asked by defendant's counsel in cross-examining the State's witnesses. Appellant contends these questions were proper in that they were either designed to impeach the testimony of a prosecuting witness or were for the purpose of eliciting testimony germane to the case. However, "the legitimate bounds of cross-examination are largely within the discretion of the trial judge, so that his ruling will not be held as prejudicial error absent a showing that the verdict was improperly influenced thereby." *State v. Chance,* 279 N.C. 643, 654, 185 S.E. 2d 227, 234. The record on the present appeal discloses that defendant's right to cross-examine the witnesses against him was not unduly restricted. His counsel did in fact vigorously cross-examine all of the State's witnesses, and nothing in the record even suggests that the verdict was in any way improperly influenced by such limitations as were imposed by the trial judge. These assignments of error are overruled.

[5] A defense witness testified that defendant had traded horses and had ridden horseback at the witness's barn during the evening prior to his arrest. This witness testified that when defendant was riding his condition was good and that "he was riding O.K." Defendant's counsel then asked the witness whether one of the horses ridden by defendant was "meaner to ride than the others." The trial court sustained the State's objection to this question and this ruling is the subject of appellant's fourth assignment of error. In this ruling defendant suffered no prejudicial error. The witness testified that they "completed riding horses about 10:30 or quarter to eleven, something like that." The arresting officer testified he had observed defendant driving his truck about 12:15 a.m. and that in his opinion defendant was then under the influence of some intoxicating liquor. The opinion of defendant's witness as to the relative difficulty of riding one horse as compared with riding another at 10:30 or 10:45 o'clock hardly seems relevant in determining whether defendant was or was not under the influence of some intoxicating liquor at 12:15, some hour and a half or two hours after all horseback riding had ceased. Appellant's fourth assignment of error is overruled.

[6] A State Highway Patrolman testified that he had talked with the defendant at the police station following his arrest and defendant "stated he had had a drink or two." This testimony was admitted on direct examination and without any objection from defendant. Subsequently, after cross-examination, the solicitor on redirect examination asked the witness if the defendant had volunteered any information "on what he had been drinking on this occasion." The defendant objected to this question. After a *voir dire* examination, the court ruled that the witness would not be permitted to answer the question and the jury was instructed not to consider the question. In the course of recapitulating the State's evidence in its charge to the jury however, the court mentioned that the highway patrolman had testified "that the defendant said he had had a drink or two." Appellant now assigns error to this portion of the court's charge. While the court's mention of this testimony may be inconsistent to some extent with its prior ruling instructing the jury to disregard the question as to whether defendant had volunteered information "on what he had been drinking," under the circumstances of this case we do not find that the instruction constituted prejudicial error. The instruc-

State v. Royall

tion given was an entirely accurate recital of that portion of the patrolman's testimony which had been admitted without any objection from defendant. The court gave no further or undue emphasis to this testimony. There was ample other evidence, including the results of the breathalyzer test which indicated that defendant's blood contained 0.15 percent alcohol at the time the test was administered, from which the jury could find that defendant had been drinking and that he was driving while under the influence of some intoxicating liquor. Under the circumstances of this case, the portion of the court's charge complained of, even if it be considered somewhat inconsistent with the court's ruling after the *voir dire* examination, was not sufficiently prejudicial to defendant to warrant a new trial.

[7] The trial court correctly instructed the jury as to the State's evidence concerning the results of the breathalyzer test and as to the legal effect of the presumption created by G.S. 20-139.1. In this regard the trial court clearly instructed that despite the presumption arising from the results of the breathalyzer test the jury was at liberty to acquit the defendant if it should find that his guilt was not proven beyond a reasonable doubt. The instruction given complied with the requirements set forth in *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165, and appellant's assignment of error to this portion of the charge is without merit.

[8] Appellant contends the court erred in failing to charge the jury that the defendant was not required to take the stand and that his failure to do so could not be used against him. Defendant did not request such an instruction. Absent a special request, the judge is not required to instruct the jury that a defendant has the right to elect to testify or not to testify and that his failure to testify does not create any presumption against him. *State v. Jordan,* 216 N.C. 356, 5 S.E. 2d 156. Indeed, "[o]rdinarily, it would seem better to give no instruction concerning a defendant's failure to testify unless such an instruction is requested by defendant." *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115.

[9] Finally, defendant contends the judgment against him must be arrested because the bill of indictment on which he was tried is captioned, "State of North Carolina, Forsyth County," while the body of the bill charges that the offense

was committed in Alleghany County. Defendant made no point of this either at his first trial, upon the appeal therefrom, or at his retrial, and raised the question for the first time upon this appeal. His contention is without merit. By addendum to the record on this appeal allowed by order of this Court on motion of the Attorney General, it clearly appears that in point of fact the bill of indictment was found and returned in open court as a true bill in Alleghany County by a grand jury composed of citizens of that County who were duly impaneled, sitting, and acting. The caption is not part of the indictment, and its omission or its recital of the wrong county does not constitute ground for arrest of judgment. *State v. Davis,* 225 N.C. 117, 33 S.E. 2d 623; *State v. Francis,* 157 N.C. 612, 72 S.E. 1041; *State v. Sprinkle,* 65 N.C. 463.

In the trial and judgment appealed from we find

No error.

Chief Judge MALLARD and Judge MORRIS concur.