STATE OF NORTH CAROLINA v. DAHL THOMAS CARNES

No. 7326SC151

(Filed 11 April 1973)

1. **Criminal Law § 98— defendant taken into custody before trial — no error**

   There was no error in the trial court's incarceration of defendant pending the start of his trial on the following morning where there was no showing that defendant was placed in the custody of the sheriff in the jury's presence or that the jury was influenced by his being placed in custody.

2. **Criminal Law § 169— exclusion of testimony — failure to show what testimony would have been — no error**

   Defendant failed to show prejudicial error in the trial court's restriction of his cross-examination of State's witnesses where the record did not show what the witnesses' testimony would have been had they been permitted to answer.

3. **Criminal Law § 96— incompetent evidence withdrawn — error cured**

   In a prosecution for unlawfully discharging a firearm into an occupied dwelling where the trial court instructed the jury to disregard testimony tending to suggest defendant's involvement with persons in the drug traffic immediately after the testimony was given, and where there was ample competent evidence from which the jury could find defendant guilty, a mistrial was not warranted.

4. **Criminal Law §§ 6, 119— defense of intoxication — requested instructions — no error**

   The defendant's requested instructions on intoxication as a defense, though not given verbatim, were given in substance, and the court's charge fairly defined defendant's rights.

APPEAL by defendant from *Friday, Judge,* 28 August 1972 Schedule "C" Criminal Session, MECKLENBURG Superior Court.

Defendant was tried on a bill of indictment charging him with unlawfully discharging a firearm into an occupied building. Evidence most favorable to the State tended to show:

On 9 April 1972 at 7:00 p.m. one Henry Brake (Brake) picked up his date, Miss Brenda Kay Dunham (Miss Dunham), at her apartment in the Williamsburg Apartments Complex in Charlotte. Around 11:30 p.m. Brake and Miss Dunham went to the Ramada Inn Lounge (Lounge) on Independence Boulevard and there saw the defendant. Some two weeks previous to this date Miss Dunham and defendant, a married man with a family, had "broken up" after going together for approximately four years. Defendant remained at the Lounge the entire time that Miss Dunham and Brake were there from 11:30 p.m. until 1:15 or 1:30 a.m. Defendant exchanged no conversation with either Miss Dunham or Brake (whom he had known for about a year) at the Lounge. Brake and Miss Dunham left the Lounge and went to Miss Dunham's apartment.

Upon arriving at the apartment, Brake and Miss Dunham observed defendant riding through the parking lot of the apartment complex in a black and white Mercury. Shortly thereafter, the telephone rang; Miss Dunham answered and the caller was defendant who said that he wanted to talk to her. Miss Dunham replied that she had company and hung up. Defendant called again and Brake answered, telling defendant to "call back tomorrow." About two or three minutes after the second call, Brake and Miss Dunham heard loud, hard knocking on her apartment door which was chained and locked. Defendant hollered several times, "Let me in." The knocking damaged the door, splitting the left upper panel an inch or so. Brake told Miss Dunham to call the police and then told defendant that he was going to open the door.

As Brake attempted to unhook the top door chain, which was stuck in its track, Brake heard a gunshot and "felt something knick" the inside calf of his right leg. Thereafter, Brake observed a hole in the lower door panel and a trench in the floor an inch and a half long and three quarters of an inch deep. Charlotte Police Officer Lawson (Lawson) arrived at Miss Dunham's apartment at approximately 2:00 a.m. About five minutes later, the telephone rang; Brake answered upstairs and Lawson lifted a receiver in the kitchen at the same time. Brake asked the caller, "Dahl, did you know you shot me?"

Defendant answered, "I didn't mean to shoot you. You are just a victim of circumstances." Lawson found a .25 caliber bullet in the apartment.

Police officers obtained a warrant to search defendant's mobile home premises and found a .25 caliber automatic pistol in or near the steps leading to his mobile home. Defendant testified, "After I had that last conversation with Mr. Brake, I went home. In the process of going home, I was thinking that when he said that I had shot him, I didn't know what he was talking about, whether I had really hurt him or what, and it scared me and I hid the .25 caliber automatic under my steps."

Defendant pleaded not guilty. From a jury verdict of guilty as charged and judgment imposing a prison sentence of not less than eighteen nor more than twenty-four months, defendant appealed.

*Attorney General Robert Morgan by James E. Magner, Jr., Assistant Attorney General, for the State.*

*Paul L. Whitfield for defendant appellant.*

BRITT, Judge.

[1]  Defendant first assigns as error the trial court's incarceration of defendant pending the start of his trial on the following morning.

In *State v. Smith,* 237 N.C. 1, 74 S.E. 2d 291 (1953), opinion by Justice (later Chief Justice) Parker, we find:

> " ' * * * It is within the discretion of the trial court whether accused should be placed in custody; and the court's proper exercise of discretion is not error where the jury were unaware that accused had been placed in custody, or were not influenced by that fact.' 23 C.J.S., Criminal Law, Sec. 977."

> \* \* \* \* 

> " 'In the absence of constitutional or statutory provisions to the contrary, the general rule is that the inherent power of the court to insure itself of the presence of the accused during the trial may, in its discretion, be exercised so as to order a person who has been at liberty on bail, into the custody of the sheriff during trial of the case . . . It is not necessary for the court, in exercising its discretionary

power to remand during trial, to file any reasons for such action; and if such order is made, it must be assumed, in the absence of a contrary showing, that the court acted in good faith and upon sufficient grounds.' 6 Am. Jur., Bail and Recognizance, Sec. 101."

In the instant case, defendant does not contend nor does the record show that he was placed in the custody of the sheriff in the jury's presence or that the jury was influenced by his being placed in custody. We perceive no error.

[2] Defendant assigns as error the trial court's restriction of defendant's cross-examination of State's witnesses. We are unable to ascertain whether the trial court's rulings were prejudicial since the record does not disclose what the witnesses' testimony would have been had they been permitted to answer and the burden is on appellant to show prejudicial error. *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972); *State v. Royall,* 14 N.C. App. 214, 188 S.E. 2d 50 (1972). This assignment of error is without merit.

[3] Defendant next assigns as error the failure of the trial court to declare a mistrial "due to the prejudicial and inflammatory questions and remarks of the Solicitor." Defendant's main contention under this assignment relates to testimony tending to suggest defendant's involvement with persons in the drug traffic. The first time such testimony was given, defendant moved to strike. The motion was sustained and the trial judge instructed the jury that they were not to consider the testimony in their deliberations. Defense counsel moved for a mistrial and this motion was overruled. It is well established in our criminal law that if the court properly withdraws incompetent evidence from jury consideration and instructs the jury not to consider it, this cures error in its admission in all but exceptional circumstances. *State v. Aycoth,* 270 N.C. 270, 154 S.E. 2d 59 (1967); *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823 (1971). Whether the incompetent evidence should be deemed cured of prejudicial effect depends upon the nature of the evidence and circumstances of the individual case. *State v. Aycoth, supra.* Where the trial court has instructed the jury not to consider improper testimony, and where as in the instant case there is ample competent evidence from which the jury could find defendant guilty, a mistrial is not warranted. *State v. Bronson, supra.*

Also under this assignment of error, defendant maintains that the solicitor's reference to defendant's .25 caliber pistol as a "Saturday Night Special" constituted error. In view of the fact that defendant had already admitted ownership of said gun and had denied familiarity with "Saturday Night Specials," we do not see how this reference prejudiced defendant. The assignment of error is overruled.

[4] By his fifth assignment of error, defendant contends the court erred (1) in failing to charge the jury on the defense of intoxication as requested by defendant and (2) in inadequately charging on intoxication as a defense. This assignment of error is without merit.

The record discloses that while the requested instruction was not given in the exact language of the request, it was given in substance. Where a defendant is entitled to requested instructions, the court does not have to give them verbatim; it is sufficient if the requested instructions are given in substance. *State v. Howard*, 274 N.C. 186, 162 S.E. 2d 495 (1968). We have carefully reviewed that portion of the court's charge on intoxication as a defense and believe that the charge fairly defined defendant's rights. A charge on intoxication as a defense in language substantially similar to the one given in the case at bar was found to be proper in *State v. Hairston*, 222 N.C. 455, 23 S.E. 2d 885 (1943).

We have considered all of defendant's assignments of error and find them to be without merit.

No error.

Judges CAMPBELL and MORRIS concur.