STATE OF NORTH CAROLINA v. CHARLES BOSWELL, JR.

No. 747SC612

(Filed 4 December 1974)

1. Homicide § 9— assault on defendant in his home — duty to retreat

Ordinarily, when a person who is free from fault in bringing on a difficulty is attacked in his own home or on his own premises, the law imposes on him no duty to retreat before he can justify his fighting in self-defense, regardless of the character of the assault, but he is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault and secure himself from all harm.

2. Homicide § 28— duty of defendant to retreat in own home — erroneous instruction

Defendant in a murder prosecution is entitled to a new trial where the jury could have logically deduced from the trial court's instruction that defendant was under a duty to retreat in his own home if deceased's assault upon him was not murderous.

ON certiorari to review defendant's trial before Lanier, Judge, 27 November 1973 Session of Superior Court held in WILSON County. Heard in the Court of Appeals 12 November 1974.

Defendant was indicted and tried for the murder of Luther Mason.

The State called two witnesses who testified that on the day Luther Mason was killed they heard defendant make the following comments. One witness stated defendant referred to the deceased as "the one I'm going to get," and the other witness overheard defendant tell the deceased, "I'm going to kill

you" and "I got a hollow point bullet at the house waiting for you." These witnesses, along with defendant and the deceased, had been harvesting a tobacco crop belonging to the deceased. Ray Mason, the deceased's brother, testified he was working in his father's yard when defendant approached the yard carrying a rifle and stated he'd just shot Luther Mason. Upon hearing this, Ray Mason took the rifle from defendant. There was also evidence tending to show that both the deceased and defendant had consumed some alcoholic beverages on the day of the killing. A medical doctor testified as an expert that the deceased had died as a result of a single gunshot wound in the chest. Finally, according to a deputy sheriff, defendant told the deputy that he had shot the deceased in the chest when the deceased entered defendants' house and was coming toward him in defiance of defendant's warning.

Defendant's evidence tended to show the following. On the day of the shooting, according to defendant, Luther Mason threatened to kill defendant because Mason blamed him for a fire that had burned a tractor. Defendant denied threatening Mason. Following a day of "barning tobacco," defendant was bathing at home when Mason entered the house threatening to kill defendant. Defendant told Mason, "[L]et's not have it that way," but Mason was making his way for defendant's rifle. Defendant got to the rifle first and intended to shoot Mason in the arm. However, Mason stumbled, and the movement caused the fatal chest wound. Defendant stated he was afraid of Mason and believed that Mason would have used the rifle against him. Defendant's wife testified that her husband had said he didn't intend to kill Mason.

The jury found defendant guilty of second degree murder and he was sentenced to prison for eighteen to twenty years.

*Attorney General Carson, by Associate Attorney Robert W. Kaylor, for the State.*

*Farris, Thomas & Farris, by Robert A. Farris, for defendant appellant.*

MARTIN, Judge.

Defendant contends that the following charge given to the jury on self-defense amounts to prejudicial error:

"If the defendant was not the aggressor and he reasonably believed that a murderous assault was being made upon

him, if he was in his own home, he was not required to retreat but could stand his ground and use whatever force he reasonably believed to be necessary to save himself from death or great bodily harm. It is for you, the Jury, to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at the time."

[1] In the present case, the evidence tends to show defendant was in his own home at the time of the killing and Luther Mason was heading for defendant's rifle after threatening defendant. Mason was found on the floor of defendant's home just inside the front door. Also, defendant and his wife testified that they were afraid of Mason. "Ordinarily, when a person who is free from fault in bringing on a difficulty, is attacked in his own home or on his own premises, the law imposes on him no duty to retreat before he can justify his fighting in self defense, *regardless of the character of the assault,* but is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault and secure himself from all harm. This, of course, would not excuse the defendant if he used excessive force in repelling the attack and overcoming his adversary. [Citations.]" *State v. Johnson,* 261 N.C. 727, 136 S.E. 2d 84 (1964) (emphasis added).

[2] Because the jury in the instant case could have logically deduced from the quoted portion of the charge and the charge as a whole that defendant *was under a duty to retreat in his own home if the assault upon him was not murderous,* we hold defendant deserves a new trial due to error in the charge.

Discussion of defendant's other assignments of error is unnecessary since the asserted errors to which they relate may not recur at the next trial.

New trial.

Chief Judge BROCK and Judge HEDRICK concur.