STATE OF NORTH CAROLINA v. JOE HUTCHISON, JR.

No. 7521SC12

(Filed 18 June 1975)

1. **Homicide § 21— second degree murder — sufficiency of evidence — no self-defense as matter of law**

    The evidence in this second degree murder case did not establish as a matter of law that defendant acted only in his lawful exercise of his right of self-defense, and the case was properly submitted to the jury, where it tended to show that defendant and the victim were on their respective front porches and were quarreling, defendant accused the victim of "ratting" at his girl friend and said, "I'm going to stop you," the victim placed a shotgun next to a chair on her porch, defendant carried a pistol onto his front porch and asked the victim if she were ready, the victim replied, "Darn right, I'm ready," as the victim picked up the shotgun and was raising it, defendant fired his pistol several times, and three of these shots struck the victim and caused her death.

2. **Homicide § 28— self-defense — excessive force — instructions**

    The trial court did not err in permitting the jury to determine whether defendant used excessive force in repelling decedent's attack upon him where the evidence showed that decedent was in the act of raising a shotgun in defendant's direction when defendant fired his pistol five times and three of these shots struck decedent.

State v. Hutchison

3. **Homicide § 28— self-defense — right to stand ground — murderous assault**

> · The trial court did not err in giving the jury an instruction which limited defendant's right to stand his ground on his own premises only to the case when a murderous assault was being made upon him where the evidence disclosed that the only possible kind of assault which could have been made upon defendant was a murderous assault.

APPEAL by defendant from *Exum, Judge.* Judgment entered 15 August 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 March 1975.

Defendant was indicted for the first-degree murder of Olivia Sutson. The State elected to proceed on a charge of second-degree murder or such lesser included offense as the evidence might justify. Defendant pled not guilty. He was found guilty of voluntary manslaughter. From judgment imposing a prison sentence for the term of twelve years, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Roy A. Giles, Jr. for the State.*

*Hall, Scales & Cleland by Roy G. Hall, Jr. for defendant appellant.*

PARKER, Judge.

Defendant's motions for nonsuit were properly denied. Viewed in the light most favorable to the State, the evidence shows the following:

[1] Defendant and Olivia Sutson were next-door neighbors, their front porch steps being approximately 37 feet apart. They frequently quarreled. In the early evening of 17 June 1974 defendant and Olivia were on their respective front porches and were arguing, as they usually did. Defendant accused Olivia of "ratting" at his girl friend and said, "I am going to stop you." He then went into his house. About this time Olivia brought a 12-gauge shotgun onto her porch and said, "[w]ell, if you are going to shoot me, I'm going to shoot you back." At her daughter's behest, Olivia took the gun back inside her house but soon returned with an axe handle or "baseball stick." Going into her front yard, she called for defendant to come out so she could "whip the devil" out of him. She then reentered her house, got the shotgun, and placed it next to a chair on her porch. Defendant came from within his house onto his front porch, carrying

a pistol. He asked Olivia, "Are you ready?" and she replied, "[d]arn right, I'm ready." As she picked up the shotgun and was raising it, defendant fired his pistol several times. Three of these shots struck Olivia, causing her death.

Defendant's contention that the uncontradicted evidence affirmatively establishes that he acted only in lawful exercise of his right of self-defense cannot be sustained. The case which he cites and relies on, *State v. Johnson,* 261 N.C. 727, 136 S.E. 2d 84 (1964), is easily distinguishable on its facts. From the evidence in the present case, the jury could find that defendant willingly entered into the conflict. "The right of self-defense is not available to one who invites another to engage in a fight, unless he first abandons the fight and withdraws from it, and gives notice to his adversary he has done so." *State v. Church,* 229 N.C. 718, 722, 51 S.E. 2d 345, 348 (1949) ; *Accord, State v. Johnson,* 278 N.C. 252, 179 S.E. 2d 429 (1971) ; *State v. Davis,* 225 N.C. 117, 33 S.E. 2d 623 (1945). That defendant was on his own premises and deceased was on hers does not call for application of a different principle of law under the facts disclosed by the evidence before us. Certainly the evidence was not such as to establish as a matter of law that defendant acted only in exercise of a lawful right of self-defense, and his motions for nonsuit were properly denied.

[2] The court submitted to the jury for its determination the question whether defendant acted in lawful exercise of the right of self-defense. Defendant now assigns error to certain portions of the court's charge to the jury in this respect. He first contends that the court erred in permitting the jury to determine whether he used excessive force in repelling the deceased's attack upon him. In this regard he contends that, since all of the evidence shows that the deceased was in the act of raising a 12-gauge shotgun in his direction, the use by the defendant of deadly force in the form of a .22 pistol must be held, as a matter of law, not excessive. We do not agree. There was evidence that defendant fired his pistol five times and that three of these shots struck his victim. It was clearly a question for the jury to determine whether defendant acted in exercise of a right of self-defense and, if so, whether he used no greater force than reasonably appeared to be necessary.

[3] The court instructed the jury that, in considering defendant's plea of self-defense, "when a person is on his own premises he is not required to retreat from a murderous assault that is

being made upon him at the time, but he is entitled to stand his ground and use whatever force he reasonably believes to be necessary to save himself from death or great bodily harm." Citing *State v. Boswell,* 24 N.C. App. 94, 210 S.E. 2d 129 (1974), defendant contends this instruction was in error in limiting defendant's right to stand his ground only to the case when a murderous assault was being made upon him, whereas he contends he had the right to stand his ground while on his own premises regardless of the character of the assault being made against him. Under the evidence in the present case, which discloses defendant was on his premises armed with a pistol and the deceased was on her premises armed with a shotgun, the only possible kind of assault which could have been made upon the defendant was a murderous assault. Under the facts of this case we find no prejudicial error in the instruction given.

There was evidence that the shotgun held by the deceased would not fire but that defendant did not know this. This evidence does not change the applicable principles of law. Had the jury found that defendant knew the shotgun would not work, then no assault other than verbal was being directed against him, and in such case clearly defendant had no right to use deadly force in self-defense. Only if the jury found that defendant did not know the shotgun was inoperable would they even reach any issue as to whether defendant acted in lawful exercise of the right of self-defense. In that case the only possible type of assault which the jury could have found that defendant reasonably believed was being made upon him would have been a murderous assault.

We have carefully examined all of appellant's remaining assignments of error brought forward in this appeal, and find no prejudicial error.

No error.

Judges HEDRICK and CLARK concur.